UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                                                    Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA, GEORGE
GARDINA and DOES 1 - 10,

    Defendants.

_____/

### AMENDED CASE MANAGEMENT AND SCHEDULING ORDER

1. **Case Deadlines.**

| | |
|---|---|
| **Discovery and Discovery-Related Motions Deadline** | June 15, 2024 |
| **Dispositive Motions, *Daubert*, and *Markman* Motions** | August 1, 2024 |
| **In Person Meeting to Prepare the Joint Pretrial Statement** | December 20, 2024 |
| **Joint Pretrial Statement** | December 30, 2024 |
| **Motions in Limine** | December 27, 2024 |
| **Final Pretrial Conference** | January 9, 2025 at 2:00 PM |
| **Trial Briefs** | *15 days before trial in non-jury cases. Optional in jury trials. |
| **Trial Term** | February 3, 2025 at 9:00 AM |
| ➤ **Length** | 10 days |
| ➤ **Jury/Non-Jury** | TBD |

2. **Timely Adherence to Deadlines.**  The parties are further directed to meet the pretrial disclosure requirements and deadlines provided in Fed. R. Civ. P. 26(a)(3)

and to adhere timely to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures.

3. **Dispositive Motions Deadline and Trial Not Extended.**  Motions to extend the dispositive motions deadline or to continue the trial are generally denied. *See* Local Rule 3.08.

4. **Extensions of Other Deadlines Disfavored.**  Motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case Management and Scheduling Order are disfavored. *See* Fed. R. Civ. P. 16(b)(4); Local Rule 3.08(a).

5. **Motions for Summary Judgment.**

   (a) **Required Materials**.  A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits, and other evidence in the form required by Federal Rule of Civil Procedure 56.  The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages.  Local Rule 3.01(a).  The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Federal Rule of Civil Procedure 56.  Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact.  General references to a deposition are inadequate.

   (b) **Under Advisement.**  Unless specifically ordered, the court will not hold a hearing on the motion. Failure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings.  *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam); Fed. R. Civ. P. 56(e).  All requirements in this Order apply to pro se litigants as well as to parties represented by counsel.

6. ***Daubert* and *Markman* Motions.**  On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpretation of a patent claim) shall file an appropriate motion.  The parties shall prepare a glossary of technical or scientific terms where appropriate for the court.

7. **All Other Motions.**  On or before the date established in the above table, the parties shall file and serve all other motions including motions in limine.  Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

8. **Mediation.**

   (a) **Purpose.**  To minimize costly pretrial procedures in a case that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mediation.  *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(a)(5); Local Rule 1.01(a).  This case is referred for mediation pursuant to Chapter Four of the Local Rules.

   (b) **Mediator.**  Within 30 days after the entry of this Order, the parties shall confer and agree upon a certified mediator.  Lead counsel shall file a Mediation Notice which (a) identifies the selected mediator and includes the contact information for the mediator and (b) sets the date and place for the mediation conference.  If no mediator has been designated by the parties, the court may designate a mediator from the Middle District of Florida's certified mediator list.

   (c) **Mediation Deadline.**  The parties shall complete the mediation conference on or before the mediation date set forth earlier in the above table.  Neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the court.

   (d) **Attendance.**  Lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative shall attend the mediation which may be held in person or virtually upon the agreement of the parties.  The parties unexcused absence or departure from the mediation is sanctionable.

   (e) **Confidentiality.**  The substance of the mediation is confidential and no party, lawyer, or other participant, may record or disclose any event that occurs during the mediation except the settlement of the matter.

   (f) **Settlement and Report of Mediator.**  A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator.  *See also* Local Rule 3.09.  Within seven (7) days of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the

mediator was forced to declare an impasse. *See* Local Rule 4.03(f). The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order. *See* Local Rules 4.03(e), (f).

9. **Joint Pretrial Statement.**

(a) **Generally.**  All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this Order. Plaintiff's counsel (or plaintiff if all parties are proceeding pro se) shall have the primary responsibility to coordinate compliance with the sections of this Order that require a meeting of lead trial counsel and unrepresented parties in person and the filing of a Joint Final Pretrial Statement and related material. *See* Local Rule 3.10 (relating to failure to prosecute). If the plaintiff is proceeding pro se, defense counsel shall coordinate compliance. If counsel is unable to coordinate such compliance, counsel shall timely notify the court by written motion or request for a status conference.

(b) **In-Person Meeting.**  On or before the date established in the above table, lead trial counsel for all parties and any unrepresented parties shall meet together in person pursuant to Local Rule 3.06(a) in a good faith effort to:

settle the case; the parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this Order;

stipulate to as many facts and issues as possible; in order to assist the court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested; as a rule, parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial;

identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(a)(4) and 3.07(a)]; and prepare and exchange a final exhibit list on the Clerk's approved form (attached to this Order) bearing a description identifying each exhibit and sponsoring witness [Local Rule 3.07(b)]; it is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the court may admit

without objection at trial. Absent good cause, the court will not receive in evidence over objection any exhibits—including charts, diagrams, and demonstrative evidence—not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the joint final pretrial statement. Photographs of sensitive exhibits (i.e., guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 14" to be substituted for original exhibits after conclusion of the trial must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement. The parties are advised that the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial. The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

exchange the names and addresses of all witnesses and state whether they will likely be called.

**(c)** **Form of Joint Pretrial Statement.** On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(b) and this Order. This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due. Anticipated length of trial based on issues remaining at the time of the filing of the Joint Final Pretrial Statement must be included as a separate line item in the Joint Pretrial Statement. Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. At the time the Joint Final Pretrial Statement is filed, all pleadings are deemed to be merged into the Joint Final Pretrial Statement, which will control the course of the trial. Fed. R. Civ. P. 16(d).

10. **Final Pretrial Conference.**

**(a)** **Attendance**. Lead trial counsel for each party, local counsel for each party, and each individual party (in the case of a corporate party, a corporate representative) together with any unrepresented party, must attend the final pretrial conference in person unless previously excused by the court. *See* Fed. R. Civ. P. 16(d).

(b) **Substance of Final Pretrial Conference**.  Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in Fed. R. Civ. P. 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.  *See* Fed. R. Civ. P. 16(c)–(d).

11. **Joint Jury Instructions, Verdict Form, Voir Dire Questions.**  In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement a single jointly-proposed set of jury instructions in order of presentation to the jury, together with a single jointly-proposed jury verdict form.  The parties should be considerate of the jury, and therefore should submit short, concise special verdict forms.  The court prefers pattern jury instructions approved by the United States Court of Appeals for the Eleventh Circuit.  Any modifications to Eleventh Circuit standard jury instructions are disfavored and shall be clearly marked and identified on the proposed jury instructions.  A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection.  The court will deny outright a proposed instruction that is "slanted" in any way.  The court requires that the parties, send to the Chamber's email [chambers_flmd_sneed@flmd.uscourts.gov] the single set of jury instructions and verdict form, in Microsoft Word®.  The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the court to ask the venire during voir dire.

12. **Trial Briefs, Proposed Findings of Fact and Conclusions of Law, and Exhibit Notebooks.**

(a) **Trial Briefs.**  The parties shall file a trial brief 15 days prior to trial.  Trial briefs should include citations to authorities and arguments specifically addressing disputed issues of law likely to arise at trial.

(b) **Proposed Findings of Fact and Conclusions of Law.**  In the case of a non-jury trial, the parties are directed to file Proposed Findings of Fact and Conclusions of Law after the trial.  The due date will be specified by the court at the Final Pretrial Conference, and will usually fall between 30 and

60 days after the conclusion of the trial depending on the Court Reporter's schedule.  Proposed Findings of Fact and Conclusions of Law should contain citations to the record.

**(c) Exhibit Notebooks.**  On the first day of trial the parties shall provide to the court a bench notebook containing marked copies of all exhibits.

13. **Settlement.**  Counsel shall immediately notify the court upon settlement of any case.  Local Rule 3.09(a).  The parties shall notify the court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection.  Failure to do so will subject each party to joint and several liability for jury costs.  Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment).  Fed. R. Civ. P. 41(a).

14. **Trial Term.**  This case is set for trial during the trial term that begins on February 3, 2025.  The trial term shall include the entire month.  The estimated length of trial is 10 days.  The pretrial conference for this case shall take place on January 9, 2025 at 2:00 PM.

**ORDERED** in Orlando, Florida on June 13, 2024.

_____

JULIE S. SNEED

UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties