UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Plaintiff,

v.                                                Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA, GEORGE
GARDINA and DOES 1 - 10,

        Defendants.
_____

ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Compel Defendant George Gardina's Resumed Deposition and Further Responses to Written Discovery (Doc. 75)** |
| **FILED:** | **June 3, 2024** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

By Order dated November 21, 2023, the Court entered the Case Management and Scheduling Order and set the deadline for discovery for June 3, 2024. Doc. 43.[1]

---

[1] On June 3, 2024, the Court granted a joint motion for a limited extension of the Fact Discovery Deadline: "The Fact Discovery Deadline is extended to 6/15/2024 for **the sole purpose of allowing the parties to conduct the two depositions** set forth in the Motion." Doc. 73 (emphasis added). On June 13, 2024, the Court entered an Amended Case Management and Scheduling Order that incorporated that limited extension of the deadline. Doc. 78. That Amended Case Management and Scheduling Order was entered following the Court granting the Defendant's Motion for Extension of Time to File Dispositive Motions. Docs. 71; 78. No party has requested nor has the Court granted a general extension of the discovery deadline.

At 7:29 p.m. on the date of that deadline, Plaintiff filed its Motion to Compel Defendant George Gardina's (Gardina) Resumed Deposition and Further Responses to Written Discovery. Doc. 75 (the Motion).[2] As to the deposition, in the Motion, Plaintiff states that on April 18, 2024, Plaintiff deposed Gardina for six hours and five minutes; 55 minutes short of the allowed seven hours.[3] Doc. 75 at 1-2. Plaintiff contends that Gardina's answers during the deposition were evasive and that Gardina's tirades impeded the examination. *Id.* at 1. Plaintiff states that the parties subsequently conferred, and Defendants agreed to provide an errata to the deposition "rather than have him resume." *Id.* at 2. Plaintiff represents that it did not agree that the errata would serve in place of the remaining 55 minutes, *but* "agreed to postpone this [M]otion until after it was served." *Id.* Plaintiff now argues that the errata sheet did not cure any prejudice, argues that the errata sheet raises further questions and contradictions in Gardina's testimony, and, therefore, requests that the Court order Gardina to sit for a two-hour deposition on or before June 15, 2024. *Id.*

As to the written discovery, in the Motion, Plaintiff states that on April 19, 2024, it served Defendants with interrogatories and requests for production, but Defendants did not timely respond. *Id.* at 3. Plaintiff states that "[a]fter meet and confer, on May 31, Defendants responded" but not to Plaintiff's satisfaction. *Id.* at 3 (citing Doc. 75-3). In sum, the nature of that discovery

---

[2] On May 28, 2024, the Court granted the Joint Motion for Extension of Time to Complete Discovery for Twelve-Day Extension of Fact Discovery Deadline for the Limited Purpose of Allowing Two Depositions. Docs. 70, 73. The continuation of Gardina's deposition was not the subject of the Joint Motion. *See* Doc. 70. On June 6, 2026, the Court also granted Defendants' Motion for Extension of Time to File Dispositive and Daubert motions until August 1, 2024. Docs. 71, 76. There was no request to extend the discovery deadline before the Court. *See* Doc. 71.

[3] Citing to an excerpt from the deposition, Plaintiff insinuates that Gardina was the party who "shut down" the deposition." Doc. 75 at 1-2. In the Response to the Motion, Defendant states, however, that Plaintiff voluntarily concluded the deposition with 55 minutes remaining. Doc. 77 at 2.

dispute relates to Defendants' financial worth and Defendants' passports. *Id*. Plaintiff seeks responses and production because the discovery purportedly relates to Plaintiff's punitive damages claim and "international travel is relevant in light of the Defendants' represented health conditions." *Id*.

Defendants challenge the merits of the Motion, but the Court finds that it is due to be denied as untimely. "While there is no local or federal rule setting a precise deadline for the filing of a motion to compel, it is clear that any such motion must be filed within a 'reasonable time' period." *Coleman v. Starbucks*, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (citations omitted). "By virtue of failing to address a discovery violation when the movant first learns of the issue, a party risks waiving the issue." *Goears v. L.A. Entertainment Group, Inc.*, 2017 U.S. Dist. LEXIS 91093 (M.D. Fla. June 14, 2017) (citations omitted); *see also*, *Oil Consulting Enterprise, Inc. v. Hawker Beechcraft Global Customer Support, LLC*, 2017 WL 7355128, at *3 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline."); *Malibu Media, LLC v. Weaver*, 2016 WL 473133, at *1-2 (M.D. Fla. Feb. 8, 2016) (overruling objections to an order denying motions to compel brought one day before the discovery deadline because the movant failed to provide a reason or good cause for the delay).

Here, Plaintiff filed the Motion on the last day of discovery—June 3, 2024—even though Gardina's deposition occurred on April 18, 2024. Taking into consideration Plaintiff's Local Rule 3.01(g) certification, it is still not clear why Plaintiff waited six weeks from the date of the deposition to bring the matter to the Court's attention with the discovery deadline looming. Indeed, the Court has in place an Order on Discovery Motions that allows matters such as this to be brought to the Court's attention quickly and efficiently. *See* Doc. 8. According to the conferral

certification, which is in dispute,[4] Plaintiff's counsel sent a letter to Defendants' counsel on May 3, 2024—over two weeks after Gardina's deposition—requesting a second deposition. Doc. 75 at 4. Plaintiff's counsel complains that on May 8, 2024 "[c]ounsel for the Gardinas promised to re-produce Mr. Gardina and said he would provide alternate dates, but ultimately never followed through." Doc. 75 at 4-5. Yet, Plaintiff's counsel decided to wait and send another email on May 21st. *Id*. at 5. At this point, more than a month had passed since the deposition and the discovery deadline was less than two weeks away. Given Defendants' alleged lack of participation or delay, Plaintiff could have filed a short-form motion to compel the second deposition or requested an extension of time to complete discovery.

The Court recognizes that counsel continued to confer beyond the May 21st email. But, to the extent Plaintiff relies on counsel's back and forth on the proposed errata—the conferral did not happen until May 22nd in response to Plaintiff's May 21st email and Defendants did not produce the errata until May 31st—the pendency of that exchange does not justify the further delay in seeking Court intervention. This is so because Plaintiff insists that it "***never*** agreed any errata would serve in lieu of resumption." Doc. 75 at 2 (emphasis in original). Considering Plaintiff's position though, Plaintiff must have foreseen that a motion to compel might be necessary, if not likely, upon review of the errata but decided to hold off on filing anyway.

Here, Plaintiff inexplicably waited a month and a half to file the Motion knowing that, absent an extension of time, discovery would be closed before the deposition could be completed. Plaintiff's decision to "postpone" the filing of the Motion until the final day of discovery was made at its own peril and Plaintiff has presented no good reason for doing so even with consideration of the alleged conferral.

---

[4] *See* Doc. 77 at 3.

The Court makes the same finding with respect to the written discovery. It was Plaintiff's decision to wait until April 19, 2024 to serve the discovery. With a 30-day response period, that left virtually no time for the Court to intervene if an issue arose. And an issue has arisen. Yet, when the responses and production came due and Defendants failed to timely respond, Plaintiff still waited over two weeks to file the Motion—two weeks that, critically, were the last two weeks of a discovery period that opened in November 2023.

Again, the Court acknowledges that the parties apparently conferred on this issue during the May 22nd meeting, but the Court is not convinced that the conferral excuses Plaintiff's ultimate delay in seeking relief. When Defendants eventually provided the discovery responses on May 31st, Plaintiff's counsel states that he requested, with no response, another meet and confer to be conducted on June 3rd—the discovery deadline. Doc. 75 at 5. That leaves no meaningful time for the Court to resolve the discovery issue during the pendency of the discovery period, which does not comply with the policy of the Middle District of Florida. *See* Middle District of Florida Handbook, § 1, F (2021) ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").

Overall, the Court finds Plaintiff's eleventh hour filing to be unreasonable.

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 75) is **DENIED**, and the payment of reasonable expenses is not necessary. *See* Fed.R.Civ.P. 37(a)(5)(B).

**ORDERED** in Orlando, Florida on June 18, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE