UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Plaintiff,

v.                                                 Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA and GEORGE
GARDINA,

        Defendants.
_____

ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendants' Short-Form Motion to Overrule Plaintiff's Objections to Defendant's Discovery and Compel Plaintiff to Answer (Doc. 80)** |
| **FILED:** | **June 14, 2024** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

By Order dated November 21, 2023, the Court entered the Case Management and Scheduling Order (CMSO) and set the deadline for discovery for June 3, 2024. Doc. 43.[1] Almost

---

[1] On June 3, 2024, the Court granted a joint motion for a limited extension of the Fact Discovery Deadline: "The Fact Discovery Deadline is extended to 6/15/2024 for **the sole purpose of allowing the parties to conduct the two depositions** set forth in the Motion." Doc. 73 (emphasis added). On June 13, 2024, the Court entered an Amended Case Management and Scheduling Order that incorporated that limited extension of the deadline. Doc. 78. That Amended Case Management and Scheduling Order was entered following the Court granting the Defendant's Motion for Extension of Time to File Dispositive Motions. Docs. 71; 78. No party has requested nor has the Court granted a general extension of the discovery deadline.

two weeks after the deadline expired, Defendants have filed a Short-Form Motion to Overrule Plaintiff's Objections to Defendant's Discovery and Compel Plaintiff to Answer. Doc. 80 (the Motion). Plaintiff has filed a response in opposition and challenges the merits of the request. Doc. 81.

As an initial matter, the Motion is due to be denied because Defendants do not include a sufficient certification pursuant to Local Rule 3.01(g). Defendants' certification that the parties met and conferred is not enough. *See* Local Rule 3.01(g)(2)(B) (the movant must state whether the parties agree on the resolution of all or part of the motion). On that basis alone, the Motion is due to be denied.

In any event, the Motion is also due to be denied as untimely. "The Court follows the rule that the completion date [set in the CMSO] means that all discovery must be completed by that date." *See* Middle District of Florida Handbook, § 1, F (2021). The Court expects the parties to address discovery disputes promptly, which means before the discovery deadline passes. *See Oil Consulting Enterprise, Inc. v. Hawker Beechcraft Global Customer Support, LLC*, 2017 WL 7355128, at *3 (M.D. Fla. Dec. 21, 2017) ("[F]iling a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline."). Indeed, the Court specifies in the CMSO that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline." Doc. 43 at 5.[2]

---

[2] The Amended Case Management Scheduling Order also provides that "[o]n or before the date established in the above table, the parties shall file and serve all other motions including motions in limine. Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute." Doc. 78 at 2.

Since Defendants filed the Motion after the close of discovery, "the request at issue requires an implicit extension of the discovery period[.]" *Beltway Cap., LLC v. Cmty. Champions Corp.*, 2020 WL 1674275, at *2 (M.D. Fla. Jan. 16, 2020). But a CMSO "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard is a rigorous one, requiring the Court to focus not on the good faith of or the potential prejudice to any party, but on the moving party's diligence in meeting the deadlines it seeks to modify. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.").[3]

Discovery opened in this case in November 2023 and expired on June 3, 2024. Doc. 43. Defendants do not specify when the discovery at issue was served but Plaintiff's responses are dated May 30, 2024 and May 31, 2024. Docs. 80-1 to 80-3. There is no argument that Plaintiff's responses were untimely, so it appears that Defendants waited approximately six months to even serve the discovery at issue. Defendants offer no reason for the delay and there is otherwise no argument that Defendants acted diligently to meet the June 3, 2024 deadline. In other words, Defendants have not established that the Court should compel production outside of the discovery period. *See Malibu Media, LLC v. Weaver*, 2016 WL 473133, at *1-2 (M.D. Fla. Feb. 8, 2016)

---

[3] The Court notes that some courts have found that "[a] party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." *A.M. v. Bayfront HMA Med. Ctr. LLC*, 2022 WL 17417011, at *1 (M.D. Fla. Dec. 5, 2022) (quoting *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015); *but see Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) ("In *Sosa*, we rejected the argument that the excusable-neglect standard in Rule 6(b) governs such extensions" as Rule 6(b) applies generally, when a more precise rule does not govern.). Here, the Court does not reach whether excusable neglect exists—Defendants do not argue that it does—because Defendant has not established good cause under Rule 16.

(overruling objections to an order denying motions to compel brought one day before the discovery deadline because the movant failed to provide a reason or good cause for the delay).

And again, the Court made clear that motions to compel filed after the deadline may be deemed untimely. Defendants delay in serving the discovery left no meaningful time for the Court to resolve a dispute during the pendency of the discovery period, which does not comply with the policy of the Middle District of Florida. *See* Middle District of Florida Handbook, § 1, F (2021) ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").

Further, Defendants offer no explanation as to why Defendants waited until June 14, 2024 to confer and file the Motion. Even though it is not clear if Defendants received Plaintiff's discovery responses on May 30, 2024 and May 31, 2024—the execution dates—Defendants were fully aware of the June 3, 2024 deadline and let it to come and go. At a minimum, Defendants could have moved for an extension of time when the deadline was on the horizon to allow the Court an opportunity to consider whether good cause for an extension existed before even more time elapsed.

Finally, it appears that at least part of the Motion is moot. Plaintiff states that following the June 14th meet and confer, Plaintiff's counsel's "office" advised that Plaintiff would inquire with the Florida Bureau of Insurance as to its position on the confidentiality of communications. Doc. 81 at 5. The Bureau took no position and on June 18, 2024, Plaintiff's counsel's "office" informed Defendants' counsel that it would search, collect, and produce responsive documents. *Id*. Accordingly, Plaintiff reports that the issue regarding the Bureau's documents is moot. *Id*. at 3.

Based on the foregoing, it is **ORDERED** that Defendants' Motion (Doc. 80) is **DENIED**.

**ORDERED** in Orlando, Florida on July 11, 2024.

                                                        DANIEL C. IRICK
                                                        UNITED STATES MAGISTRATE JUDGE