# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A NEW JERSEY CORPORATION,<br><br>Plaintiff,<br>v.<br><br>CAROL GARDINA, an individual; GEORGE GARDINA, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | **CASE NO: 6:23-cv-1125-JSS-DCI**<br><br>Judge: Hon. Julie S. Sneed |

**<u>DEFENDANTS' RULE 23(A)(3) FACT WITNESS LIST</u>**

Pursuant to Fed. R. Civ. P 26(a)(3)(A), the Amended Case Management and Scheduling Order (DE 78), and Local Rule 3.06, Defendants/Counter-Plaintiffs, CAROL GARDINA and GEORGE GARDINA ("GARDINA") submit the following Fact Witness List.

Defendants/Counter-Plaintiffs, GARDINA, are providing its best, good-faith assessment of whether it will elicit live testimony from witnesses or present their testimony by deposition. These designations depend on the availability and/or willingness of witnesses to appear live at trial, whether attendance can/will be complied with, stipulation of the parties, and this Court's approval. Defendants reserve the right to call witnesses in a manner contrary to that which is listed herein, depending on the availability of witnesses, the willingness of witnesses to appear, the availability of an order compelling witnesses to appear, the stipulation of the parties, and the dynamics of the trial.

Defendants/Counter-Plaintiffs, GARDINA, identify the names and, if not previously provided, the addresses, and telephone numbers of each witness (if known)—separately identifying those witnesses. Defendants/Counter-Plaintiffs expect to be present and those they may call if the need arises. Defendants/Counter-Plaintiffs, GARDINA, further reserve the right to call any witness on the Plaintiff/Counter-Defendant's witness list and identify any witness required for rebuttal or impeachment purposes. All sections and portions of this list are subject to modification based on the Court's rulings on any pending motions.

| FACT WITNESSES | | | | |
|---|---|---|---|---|
| **Witness Name** | **Contact** | **Likelihood** | **Anticipated Manner of Testimony** | **Objection** |
| Carol Gardina | May be contacted through counsel c/o Defendants' Counsel, Richard M. Benrubi | Likely | Live and/or Deposition | |
| George Gardina | May be contacted through counsel c/o Defendants' Counsel, Richard M. Benrubi | Likely | Live and/or Deposition | |
| Stephen Dube | May be contacted through counsel c/o Plaintiff's Counsel, Andrew Azarmi, Esq. | Likely | Live or Deposition | |
| Richard Walsh | May be contacted through counsel c/o Plaintiff's Counsel, Andrew Azarmi, Esq. | Likely | Live | |

| | | | | |
|---|---|---|---|---|
| Dr. Carolina Nguyen-Min<br>Orlando Health<br>4750 The Grove Dr, Ste 250<br>Windermere, FL 34786 | | Likely | Live or Remote | FRCP 43[1]; FRCP 26[2] |
| Dr. Yunyu Cao<br>University of Washington-Issaquah Neighborhood Clinic<br>1740 NW Maple St, Ste 100<br>Issaquah, WA 98027 | | Likely | Remote | FRCP 43[3]; FRCP 26.[4] |
| Dr. Jessie L. Wang<br>University of Washington-Issaquah Neighborhood Clinic<br>1740 NW Maple S, Ste 100<br>Issaquah, WA 98027 | | Likely | Remote | FRCP 43[5]; FRCP 26.[6] |
| Dr. Matthew Snell<br>Orlando Health<br>7472 Doc's Grove Circle<br>Orlando, FL 32819 | | Likely | Live or Remote | FRCP 43[7]; FRCP 26.[8] |

[1] Plaintiff The Prudential Insurance Company of America objects to this witness appearing remotely. Federal Rule of Civil Procedure Rule 43 requires live testimony; remote testimony is only permitted for good cause in compelling circumstances, and the Gardinas have not met their burden to establish such good cause and compelling circumstances exist. As the Advisory Committee has commented: "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." It is critical a jury is able to evaluate the Gardinas treating physicians live, as their credibility regarding their observations of the Gardinas—including whether they were deceived by the Gardinas—is key to the case and its issues.

[2] Plaintiff The Prudential Insurance Company of America objects to this witness to the extent the Gardinas attempt to elicit opinions or testimony formed outside the course of treatment, *i.e.* from offering opinions or testimony based on information outside their personal observation. Defendants did not retain any expert witnesses and instead disclosed this treating physician as a non-retained expert under Federal Rule of Civil Procedure Rule 26(a)(2)(C); such treating physicians are limited to opinions formed solely during the course of treatment. Prudential's position is further outlined in its Motion *In Limine* No. 6. *See* Dkt. 105.

[3] *See supra* fn. 1.

[4] *See supra* fn. 2.

[5] *See supra* fn. 1.

[6] *See supra* fn. 2.

[7] *See supra* fn. 1.

[8] *See supra* fn. 2.

| | | | | |
|---|---|---|---|---|
| Joshua Jenkins, MD<br>7243 Della Dr, 3rd Flr, Ste K<br>Orlando, FL 32819 | | Likely | Live or Remote | FRCP 43[9]; FRCP 26.[10] |
| Dr. Thomas Cherry<br>Univ. of Washington-Ravenna Clinic<br>4915 25th Ave NE, Ste 300W<br>Seattle, WA 98105 | | Likely | Remote | FRCP 43[11]; FRCP 26.[12] |
| Records Custodian:<br>Research Consultants Group | | May Call | | |
| Records Custodian, Florida Department of Investigative & Forensics Services | | May Call | | |
| Captain John Savino<br>Florida Department of Investigative & Forensics Services | | May Call | Live or Remote | FRCP 43[13]. Fed. R. Evid. Rules 401, 402, 403.[14] Hearsay. |

[9] *See supra* fn. 1.
[10] *See supra* fn. 2.
[11] *See supra* fn. 1.
[12] *See supra* fn. 2.
[13] *See supra* fn. 1.
[14] Plaintiff The Prudential Insurance Company of America reasonably anticipates the Gardinas will call Captain John Savino to elicit testimony that the Department of Investigative & Forensic Services has not brought criminal charges against the Gardinas. Defendants may attempt to introduce this information to argue that because the State has not yet brought charges—or even that it has currently declined to investigate the Gardinas—that therefore there is no fraud. Courts routinely hold such argument, evidence, or testimony is irrelevant and, even if relevant, inadmissible under Rule 403. *Aetna Cas. & Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986) (noting that "the different standards of proof between a criminal prosecutorial decision and a civil case might mislead the jury"); *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 8:09-CV-2465-T-33AEP, 2011 WL 4356201, at *2 (M.D. Fla. Sept. 19, 2011) (granting motion in limine to exclude evidence regarding criminal prosecution or government determination of culpability related to a fire loss in a civil trial regarding insurance coverage) (citing *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1531 (11th Cir.1989); *State Farm Mut. Auto. Ins. Co. v. Romano*, No. 12-20438-CIV, 2013 WL 12061865, at *2 (S.D. Fla. Oct. 30, 2013) (granting motion in limine to exclude reference to Defendants' lack of prosecution). Any such opinion, evidence, or testimony offered by Mr. Savino has no more evidentiary value than the opinion of the Gardinas' attorney, expressed during argument to the jury, that the defendant is not guilty. *United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990)

Dated: December 30, 2024

Respectfully submitted,

BENRUBI LAW, P. A.
6501 Congress Avenue, Suite 118
Boca Raton, FL 33487
Phone: (561) 910-8650
Email: *RBenrubi@benrubilaw.com*
Secondary: *cgarcia@benrubilaw.com*

***Counsel for Defendants/Counter-Plaintiffs***

By: /s/ Richard M. Benrubi
RICHARD M. BENRUBI, ESQ.
Florida Bar No.: 796573

---

("There are many factors that influence the government's decision not to prosecute a defendant on certain charges . . . . Certainly, we cannot attribute the government's decision not to prosecute to an independent determination that the defendant is not guilty. . . . Even if we did agree with the appellants that the government's decision to drop certain charges might constitute an admission of innocence, adopting their argument would create other serious problems at trial, and evidence of the government's decision likely would not be admissible. The government's decision not to prosecute a defendant on certain charges reflects, at best, the government's opinion that the defendant is not guilty. Thus, the opinion has no more evidentiary value than the opinion of the defendant's attorney, expressed during argument to the jury, that the defendant is not guilty. Even if such evidence is relevant, it would not be admissible under Rule 403.").