# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation,

Plaintiff,

v.

CAROL GARDINA, an individual; GEORGE GARDINA, an individual,

Defendants.

CASE NO: 6:23-cv-1125-JSS-DCI

Judge: Hon. Julie S. Sneed

**JOINT PROPOSED AND DISPUTED JURY INSTRUCTIONS**

Pursuant to the Amended Case Management and Scheduling Order, Dkt. 78, p. 6, and the Pretrial Order, Dkt. 98, Plaintiff/Counter-Defendant The Prudential Insurance Company of America ("Prudential") and Defendants/Counter-Plaintiffs Carol and George Gardina hereby submit these Joint and Disputed Proposed Jury Instructions.

Dated: December 30, 2024

Respectfully submitted,

*/s/ Andrew Azarmi*

Andrew Azarmi (CA ID No. 241407)
(*pro hac vice*);
Dentons US LLP
1999 Harrison Street, Suite 1210
Oakland, CA 94612
Telephone: 415 882 5000
Email:andrew.azarmi@dentons.com

Anthony Moscato, FBN 1024502
Dentons US LLP
101 JFK Parkway
Short Hills, NJ 07078-2708
anthony.moscato@dentons.com

*Attorneys for The Prudential Insurance Company of America*

Dated: December 30, 2024

Respectfully submitted,

*/s/Richard Benrubi*

Richard M. Benrubi (FBN 796573)
BENRUBI LAW, P.A.
6501 Congress Avenue, Suite 118
Boca Raton, FL 33487
Office: (561) 910-8650
Email: RBenrubi@benrubilaw.com
cgarcia@benrubilaw.com

*Counsel for Defendants Carol Gardina and George Gardina*

# TABLE OF CONTENTS

JOINT INSTRUCTION NO. 1.1 GENERAL PRELIMINARY INSTRUCTION...8

JOINT INSTRUCTION NO. 1.2 BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE ....16

JOINT INSTRUCTION NO. 1.4 JURY QUESTIONS....17

JOINT INSTRUCTION NO. 1.5 INTERIM STATEMENTS ....19

JOINT INSTRUCTION NO. 2.1 STIPULATIONS....20

JOINT INSTRUCTION NO. 2.2 USE OF DEPOSITIONS ....21

JOINT INSTRUCTION NO. 2.3 USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS ....22

JOINT INSTRUCTION NO. 2.4 INTERIM STATEMENTS ....23

JOINT INSTRUCTION NO. 2.5 JUDICIAL NOTICE ....24

JOINT INSTRUCTION NO. 2.6 USE OF INTERROGATORIES ....25

JOINT INSTRUCTION NO. 3.1 INTRODUCTION....26

JOINT INSTRUCTION NO. 3.2.2 THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED ....27

JOINT INSTRUCTION NO. 3.3 CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT....28

JOINT INSTRUCTION NO. 3.4 CREDIBILITY OF WITNESSES ....30

JOINT INSTRUCTION NO. 3.5.1 IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS ....32

JOINT INSTRUCTION NO. 3.6.1 EXPERT WITNESS ....33

JOINT INSTRUCTION NO. 3.7.1 RESPONSIBILITY FOR PROOF – PRUDENTIAL'S CLAIMS, GARDINAS COUNTERCLAIMS – PREPONDERANCE OF THE EVIDENCE ....34

JOINT INSTRUCTION NO. 3.7.2 RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE....36

JOINT INSTRUCTION NO. 3.8.2 DUTY TO DELIBERATE WHEN BOTH PLAINTIFF AND DEFENDANT CLAIM DAMAGES OR WHEN DAMAGES ARE NOT AN ISSUE....37

JOINT INSTRUCTION NO. 3.9 ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]....38

JOINT JURY INSTRUCTION NO. 1 -- FRAUDULENT CONCEALMENT....40

JOINT JURY INSTRUCTION NO. 2 AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL....42

JOINT JURY INSTRUCTION NO. 3 -- DELAYED DISCOVERY DOCTRINE 44

JOINT INSTRUCTION NO. 409.10 BURDEN OF PROOF ON MAIN CLAIM.45

JOINT INSTRUCTION NO. 409.11 DEFENSE ISSUES....46

JOINT INSTRUCTION NO. 409.13 – DAMAGES....48

JOINT INSTRUCTION NO. 503.1 PUNITIVE DAMAGES — BIFURCATED PROCEDURE....50

JOINT INSTRUCTION NO. 601.5 CONCLUDING INSTRUCTION (BEFORE FINAL ARGUMENT)....57

JOINT INSTRUCTION NO. 700 — CLOSING INSTRUCTIONS....58

JOINT INSTRUCTION NO. 801.1 JUROR QUESTIONS DURING DELIBERATIONS....63

JOINT INSTRUCTION NO. 801.2 READBACK OR PLAYBACK OF TESTIMONY....65

JOINT INSTRUCTION NO. 2.8 Civil *Allen* Charge....68

JOINT INSTRUCTION NO. 801.3 JURY DEADLOCKED....71

JOINT INSTRUCTION NO. 801.4 INSTRUCTION UPON DISCHARGE OF JURY....73

JOINT INSTRUCTION NO. 801.5 INCONSISTENT OR ERRONEOUS VERDICT....75

JOINT INSTRUCTION NO. 3.9 ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM[S]....77

DISPUTED INSTRUCTIONS....79

DISPUTED INSTRUCTION NO. 1 -- FALSE IN ONE, FALSE IN ALL (OFFERED BY PRUDENTIAL)....80

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 1 -- FALSE IN ONE, FALSE IN ALL....81

DISPUTED INSTRUCTION NO. 409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION (OFFERED BY PRUDENTIAL) .....82

THE GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION (OFFERED BY PRUDENTIAL) .................................85

DISPUTED INSTRUCTION NO. 2 – DEFINITION OF FALSE STATEMENT (OFFERED BY PRUDENTIAL) ..........................................................................86

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 2 DEFINITION OF FALSE STATEMENT.........................................................87

DISPUTED JURY INSTRUCTION NO. 3 – RELIANCE (OFFERED BY PRUDENTIAL) ......................................................................................88

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 3 RELIANCE.........................................................................................89

DISPUTED INSTRUCTION NO. 409.5 MATERIAL FACT (OFFERED BY PRUDENTIAL) ......................................................................................90

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 409.5 MATERIAL FACT.........................................................................92

DISPUTED INSTRUCTION NO. 409.6 LEGAL CAUSE (OFFERED BY PRUDENTIAL) ......................................................................................93

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 409.6 LEGAL CAUSE ..............................................................................96

DISPUTED INSTRUCTION NO. 4 -- CIVIL CONSPIRACY – ESSENTIAL ELEMENTS (OFFERED BY PRUDENTIAL) ...................................................97

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 4 – CIVIL CONSPIRACY – ESSENTIAL ELEMENTS ..........................................100

DISPUTED INSTRUCTION NO. 416.1 BREACH OF CONTRACT — INTRODUCTION AND ESSENTIAL FACTUAL ELEMENTS (OFFERED BY PRUDENTIAL) ....................................................................................101

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 416.1 BREACH OF CONTRACT -- INTRODUCTION.....................................103

DISPUTED INSTRUCTION NO. 5 – ISSUE OF DUTY AND PRUDENTIAL'S AFFIRMATIVE DEFENSE – BREACH OF THE DUTY TO COOPERATE (OFFERED BY PRUDENTIAL) ..................................................................104

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 5 – AFFIRMATIVE DEFENSE – BREACH OF THE DUTY TO COOPERATE....106

DISPUTED INSTRUCTION NO. 6 – DEFINITION OF DUTY (OFFERED BY PRUDENTIAL) ....107

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 6 – DEFINITION OF DUTY ....108

DISPUTED INSTRUCTION NO. 504.9 MITIGATION OF DAMAGES (OFFERED BY PRUDENTIAL) ....109

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 504.9 MITIGATION OF DAMAGES....111

DISPUTED INSTRUCTION 7 – CHRONIC ILLNESS OR DISABILITY (OFFERED BY PRUDENTIAL) ....112

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 7 – CHRONIC ILLNESS OR DISABILITY ....114

DISPUTED INSTRUCTION 8 -- LAWFULNESS OF SURVEILLANCE (OFFERED BY PRUDENTIAL) ....115

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 8 -- LAWFULNESS OF SURVEILLANCE....116

DISPUTED INSTRUCTION 9 -- INTRODUCTION TO TORT DAMAGES (OFFERED BY PRUDENTIAL) ....117

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 9 -- INTRODUCTION TO TORT DAMAGES....118

DISPUTED INSTRUCTION NO. 10 – DUTY TO DISCLOSE....119

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 10 -- DUTY TO DISCLOSE ....121

DISPUTED INSTRUCTION NO. 11 -- STATUTE OF LIMITATIONS (OFFERED BY PRUDENTIAL) ....122

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 11 -- STATUTE OF LIMITATIONS ....123

DISPUTED INSTRUCTION NO. 12 – CONTINUING VIOLATION DOCTRINE (OFFERED BY PRUDENTIAL) ....124

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 12 – CONTINUING VIOLATION DOCTRINE ....................125

DISPUTED INSTRUCTION NO. 13 – STATUTE OF LIMITATIONS - FRAUDULENT CONCEALMENT DOCTRINE (OFFERED BY PRUDENTIAL) ....................126

GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 13 – FRAUDULENT CONCEALMENT DOCTRINE ....................127

DISPUTED INSTRUCTION NO. 14 (OFFERED BY GARDINAS)....................128

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 14 ....................129

DISPUTED INSTRUCTION NO. 15 (OFFERED BY GARDINAS)....................130

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 15 ....................131

DISPUTED INSTRUCTION NO. 16 (OFFERED BY GARDINAS)....................132

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 16 ....................133

DISPUTED INSTRUCTION NO. 17 (OFFERED BY GARDINAS)....................134

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 17 ....................135

DISPUTED INSTRUCTION NO. 18 - AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS (OFFERED BY GARDINAS)....................136

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 18 ....................137

DISPUTED INSTRUCTION NO. 19 – DAMAGES ARE TO COMPENSATE ONLY FOR INJURIES, NOT FOR EACH RIGHT – OFFERED BY THE GARDINAS ....................138

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 19 ....................139

DISPUTED INSTRUCTION NO. 416.12 – SUBSTANTIAL PERFORMANCE – OFFERED BY THE GARDINAS....................140

PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 416.12 ....................141

## JOINT INSTRUCTION NO. 1.1 GENERAL PRELIMINARY INSTRUCTION

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Prudential Insurance Company of America, claims the Defendants, George and Carol Gardina, willfully and intentionally misrepresented their health status and conspired together to obtain over $1 million in long term care insurance benefits from Prudential. Prudential seeks damages for this alleged fraud. The Gardinas deny those claims, and contends Prudential's claims are time-barred. The Gardinas have filed a counterclaim against Prudential, alleging breach of Carol Gardina's insurance contract and breach of George Gardina's insurance contract. Prudential denies these claims.

Burden of proof:

Prudential has the burden of proving its case by what the law calls a "preponderance of the evidence." That means Prudential must prove that, in light of the greater weight of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring Prudential and the evidence favoring the Gardinas on opposite sides of balancing scales, Prudential needs to make the scales tip to its side. If Prudential fails to meet this burden, you must find in favor of the Gardinas.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all

witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses", the Gardinas or Prudential has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Gardinas or Prudential must prove for any affirmative defense. After considering all the evidence, if you decide that the Gardinas or Prudential has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter (now X), and other similar platforms. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases

in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Prudential will present its witnesses and ask them questions. After Prudential questions the witness, the Gardinas may ask the witness questions – this is called "cross-examining" the witness. Then the Gardinas will present their

witnesses, and Prudential may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 1.2 BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

## JOINT INSTRUCTION NO. 1.4 JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 1.5 INTERIM STATEMENTS**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 2.1 STIPULATIONS**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

## JOINT INSTRUCTION NO. 2.2 USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 2.3 USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS**

During this trial, you may hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcripts.]

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 2.4 INTERIM STATEMENTS**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 2.5 JUDICIAL NOTICE**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

## JOINT INSTRUCTION NO. 2.6 USE OF INTERROGATORIES

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

# JOINT INSTRUCTION NO. 3.1 INTRODUCTION

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 3.2.2 THE DUTY TO FOLLOW INSTRUCTIONS – CORPORATE PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 3.3 CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Given** ___________
**Given as Modified** ___________

**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

# JOINT INSTRUCTION NO. 3.4 CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 3.5.1 IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 3.6.1 EXPERT WITNESS**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority:**

11th Circuit Model Jury Instructions (Combined 3.6.1 and 3.6.2)

**JOINT INSTRUCTION NO. 3.7.1 RESPONSIBILITY FOR PROOF – PRUDENTIAL'S CLAIMS, GARDINAS COUNTERCLAIMS – PREPONDERANCE OF THE EVIDENCE**

In this case it is the responsibility of each party to prove ever essential part of its claims or counterclaims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." Here, Prudential has the burden of proof on its claims for fraud and conspiracy against the Gardinas. The Gardinas have the burden of proof on their counterclaims for breach of contract against Prudential.

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the party's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against that party.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the party's claims by a preponderance of the evidence, you should find for the other party as to that claim.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions (modified to apply to the Gardinas' counterclaims)

**JOINT INSTRUCTION NO. 3.7.2 RESPONSIBILITY FOR PROOF – AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE**

In this case, each party asserts affirmative defenses as to the other party's claims. This means that even if Prudential proves its claims by a preponderance of the evidence, the Gardinas can prevail in this case if they prove their affirmative defenses by a preponderance of the evidence. This also means that if the Gardinas prove their counterclaims by a preponderance of the evidence, that Prudential can prevail in its defense by proving its affirmative defenses by a preponderance of the evidence.

Because there is more than one affirmative defense is involved, you should consider each one separately.

I caution you that neither party has to disprove the other's claims or counterclaims, but the only way a party can prevail on its specific affirmative defense is if it proves that defense by a preponderance of the evidence.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions (modified to apply to both parties)

**JOINT INSTRUCTION NO. 3.8.2 DUTY TO DELIBERATE WHEN BOTH PLAINTIFF AND DEFENDANT CLAIM DAMAGES OR WHEN DAMAGES ARE NOT AN ISSUE**

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT INSTRUCTION NO. 3.9 ELECTION OF FOREPERSON**

**EXPLANATION OF VERDICT FORM[S]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**

**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions

**JOINT JURY INSTRUCTION NO. 1 -- FRAUDULENT CONCEALMENT**

Prudential's second cause of action against George and Carol Gardina is for fraudulent concealment. To establish this claim, Prudential must prove all of the following by preponderance of the evidence:

First, whether George Gardina concealed, omitted, or failed to disclose a material fact regarding his or Carol's health and eligibility under either of their respective policies for LTC benefits; and/or

Whether Carol Gardina concealed, omitted, or failed to disclose a material fact regarding her or George's health and eligibility under either of their respective policies for LTC benefits; and/or

Second, whether each individual defendants knew or should have known the material fact should have been disclosed;

Third, whether each individual defendant knew their concealment of or failure to disclose the material fact would induce Prudential to act, namely to pay either of their claims under their respective policies for LTC benefits ;

Fourth, whether George and/or Carol Gardina had a duty to disclose the material fact;

Fifth, whether Prudential reasonably relied to its detriment on the misinformation provided by each individual defendant;

Sixth, whether the reliance on the concealment of material facts was a legal cause of loss or damage to Prudential

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

This jury instruction is needed in order to educate the jury on what fraudulent concealment is, which is a cause of action in this matter. The jury must know the essential elements of this charge in order to determine whether or not the elements have been met.

Non-pattern instruction.

*Hess v. Philip Morris USA, Inc*., 175 So. 3d 687, 691 (Fla. 2015); *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010); *Lamb v. Graco Children's Prod. Inc.,* No. 4:11CV477-RH/WCS, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012) ("To state a fraudulent-concealment claim, a plaintiff must allege: (1) the defendant concealed or failed to disclose a material fact; (2) the defendant knew or should have known the material fact should be disclosed; (3) the defendant knew its concealment of or failure to disclose the material fact would induce the plaintiff to act; (4) the defendant had a duty to disclose the material fact; (5) the plaintiff detrimentally relied on the misinformation; and (6) the plaintiff's reliance was reasonable."); *see also In re Palm Beach Fin. Partners, L.P*., 517 B.R. 310, 334–35 (Bankr. S.D. Fla. 2013) ("Fraud by omission is common law fraud by means of a failure to disclose a material fact—rather than by means of an affirmative misrepresentation—in the face of the a duty to disclose that fact to the plaintiff.").

# JOINT JURY INSTRUCTION NO. 2 AFFIRMATIVE DEFENSE – EQUITABLE ESTOPPEL

Prudential has raised the defense of equitable estoppel. To establish this defense, Prudential must prove all of the following:

1. The Gardinas took action by defrauding Prudential, whether through affirmative misrepresentations or concealing the truth from Prudential;

2. Prudential relied in good faith upon the Gardinas' actions and words; and

3. Prudential's reliance on the Gardinas actions and words caused Prudential to change its position for the worse.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:
Former Florida Standard Civil Jury Instructions, § 416.33

**NOTE ON USE FOR 416.33**

The court should not give this instruction if it determines that the alleged action, words, inaction, or silence was not material.

**SOURCES AND AUTHORITIES FOR 416.33**

1. "The elements of equitable estoppel are (1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation,

and (3) a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon." *State v. Harris*, 881 So.2d 1079, 1084 (Fla. 2004).

2. "[I]n order to work an estoppel, silence must be under such circumstances that there are both a specific opportunity and a real apparent duty to speak." *Thomas v. Dickinson*, 30 So.2d 382, 384 (Fla. 1947).

3. "The 'representation' upon which an estoppel may be predicated may consist of words, conduct, or, if there is a duty to speak, silence." *Lloyds Underwriters at London v. Keystone Equipment Finance Corp.*, 25 So.3d 89, 93 (Fla. 4th DCA 2009) (citations omitted).

4. "The conduct ... such as to create an estoppel ... necessary to a waiver consists of willful or negligent words and admissions, or conduct, acts and acquiescence causing another to believe in a certain state of things by which such other person is or may be induced to act to his prejudice. The acts or conduct need not be positive, but can consist of failure to act or, more particularly, failure to speak when under some duty to speak." *Richards v. Dodge*, 150 So.2d 477, 481 (Fla. 2d DCA 1963) (internal citations omitted).

## JOINT JURY INSTRUCTION NO. 3 -- DELAYED DISCOVERY DOCTRINE

If the Gardinas prove that Prudential had discovered, or should have discovered with the exercise of due diligence, the facts giving rise to Prudential's claims of relief for fraud before June 14, 2019, Prudential's lawsuit was still filed on time if Prudential proves that before that date that the Gardinas had exclusive or superior knowledge of the facts or prevented further investigation by Prudential.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

*Martin v. World Wide Child Care Corp.*, No. 9:17-CV-80188, 2017 WL 9618895, at *4 (S.D. Fla. Dec. 1, 2017) ("In order to invoke the delayed discovery rule, 'a party who relies on a misrepresentation must show that it exercised some diligence in investigating the misrepresentation, unless it is shown that the fraudulent party had exclusive or superior knowledge, or prevented further investigation'"); *Bedtow Grp. II, LLC v. Ungerleider*, 684 Fed.Appx. 839, 842 (11th Cir. 2017) (same); *Richardson v. Wilson*, 490 So.2d 1039, 1039–41 (Fla. Dist. Ct. App. 1986 (Where the delayed discovery rule is applicable, the burden is on the Plaintiff to show that he did not know and reasonably should not have known that he had been harmed by the defendant's conduct).

**JOINT INSTRUCTION NO. 409.10 BURDEN OF PROOF ON MAIN CLAIM**

If the greater weight of the evidence does not support one or more of Prudential's claims, your verdict should be for defendants on those claims.

However, if the greater weight of the evidence supports one or more of Prudential's claims, then your verdict should be for Prudential and against defendants on those claims.

Similarly, if the greater weight of evidence does not support one or more of the Gardinas' counterclaims against Prudential, your verdict should be for Prudential on the Gardinas claims.

However, if the greater weight of the evidence supports one or more of Gardinas counterclaims, then your verdict should be for the Gardinas and against Prudential on those counterclaims.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**
Florida Model Jury Instructions

**NOTE ON USE FOR 409.10**

Use the second paragraph if there are no defense issues. If there are defense issues, omit the second paragraph and go to instruction 409.11.

**JOINT INSTRUCTION NO. 409.11 DEFENSE ISSUES**

If, however, the greater weight of the evidence supports one or more of Prudential's claims against one or both of the defendants, then you shall consider the defenses raised by the defendants. Similarly, if, however, the greater weight of the evidence supports one or more of the Gardinas counterclaims against Prudential, then you shall consider the defenses raised by Prudential.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**
Florida Standard Civil Jury Instructions, § 409.11

**NOTES ON USE FOR 409.11**

1. In *Gilchrist Timber Co. v. ITT Rayonier, Inc*., 696 So. 2d 334 (Fla. 1997), the Supreme Court held that the doctrine of comparative negligence, as codified in F.S. 768.81, applied to an action for negligent misrepresentation as set forth in the RESTATEMENT (2D) OF TORTS §552, which requires proof of justifiable reliance.

2. In *Gilchrist Timber Co.*, the Court further noted that while the RESTATEMENT discusses the issue in terms of contributory negligence in §552A, a majority of the states that have adopted the comparative negligence doctrine and considered the issue agree that comparative negligence principles apply to cases involving negligent misrepresentation. *See Gilchrist Timber Co*., 696 So. 2d at 337. The committee recognizes that a logical tension could exist within a verdict determining that the claimant's reliance was justifiable, but that the claimant was also comparatively negligent (e.g., in relying on the statement by failing to conduct an adequate investigation). The committee also recognizes that justifiable reliance may involve a subjective standard distinct from the objective standard used in defining reasonable care. RESTATEMENT §545A, cmt. B ("Justification is a matter of the qualities and characteristics of the particular plaintiff, and the

circumstances of the particular case, rather than of the application of a community standard of conduct to all cases.") Pending further development of the law, the committee reserves the question of the relationship, if any, between justifiable reliance and comparative negligence.

# JOINT INSTRUCTION NO. 409.13 – DAMAGES

If you find for defendants, you will not consider the matter of damages. But, if you find for Prudential, you should award Prudential an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Prudential.

The following are the specific items of damages claimed by Prudential:

1. The amount Carol Gardina received in LTC Benefits, which is subject to proof at trial, but no less than $1,201,789;

2. The amount George Gardina received in LTC Benefits, which is subject to proof at trial;

3. Costs incurred by Prudential in connection with its investigation and discovery of the Gardinas' misconduct, which is no less than $12,496.

4. No less than $682,067 in lost investment earnings.

5. Prejudgment interest in an amount no less than $1,046,692

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

Prudential offers this instruction to explain to the jury how to award damages, and under what circumstances they should award damages.

Florida Standard Civil Jury Instructions, § 409.13

**NOTES ON USE FOR 409.13**

1. RESTATEMENT (2D) OF TORTS §552B describes the damages recoverable for negligently supplying false information for the guidance of others. The elements of recoverable damage under instruction 409.9 should be written with reference to that section.

2. In fraud cases where punitive damages are at issue, *First Interstate Development Corp. v. Ablanedo*, 511 So. 2d 536 (Fla. 1987), see instructions 503.1 and 503.2.

## JOINT INSTRUCTION NO. 503.1 PUNITIVE DAMAGES — BIFURCATED PROCEDURE

*a. First stage of bifurcated punitive damages procedure:*

There is an additional claim in this case that you must decide. If you find for Prudential and against defendants, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to one or more of defendants and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of defendants or individuals whose conduct may warrant punitive damages is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.

*b(1). Punitive damages for acts of an individual defendant:*

Prudential claims that punitive damages should be awarded against defendants for their conduct in orchestrating their fraud against Prudential. Punitive damages are warranted against defendants if you find by clear and convincing evidence that they were guilty of intentional misconduct, which was a

substantial cause of loss, damage or injury to Prudential. Under those circumstances you may, in your discretion, award punitive damages against defendants. If clear and convincing evidence does not show such conduct by defendants, punitive damages are not warranted against defendants.

"Intentional misconduct" means that defendants had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to Prudential and, despite that knowledge, they intentionally pursued that course of conduct, resulting in injury or damage.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. As I have already instructed you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

*c. Second stage of bifurcated punitive damage procedure:*

*c(1). Opening instruction, second stage:*

Members of the jury, I am now going to tell you about the rules of law that apply to determining whether punitive damages should be assessed and, if so, in what amount. When I finish with these instructions, the parties will present

additional evidence. You should consider this additional evidence along with the evidence presented, and you should decide any disputed factual issues by the greater weight of the evidence. "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

*c(2). Punitive damages — determination of amount:*

You are to decide the amount of punitive damages, if any, to be assessed as punishment against defendants and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

(A). the nature, extent and degree of misconduct and the related circumstances, including the following:

i. whether the wrongful conduct was motivated solely by unreasonable financial gain;

ii. whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by defendants;

iii. whether, at the time of loss, injury or damage, defendants had a specific intent to harm Prudential and the conduct of defendants did in fact harm Prudential, and

(B). the financial resources of defendants

*Refer to Note on Use 7.

You may in your discretion decline to assess punitive damages. You may assess punitive damages against one defendant and not the others or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.

*d. Closing instruction, second stage:*

Members of the jury, you have now heard and received all of the evidence on the issue of punitive damages. Your verdict on the issues raised by the punitive damages claim of Prudential against defendants must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.

You will be given a form of verdict, which I shall now read to you:

When you have agreed on your verdict, the foreperson, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**

**Withdrawn ___________**

**<u>Authority</u>**:
Florida Standard Civil Jury Instructions, § 503.1

**NOTES ON USE FOR 503.1**

1. This instruction is designed so it can be given before the taking of evidence. Instruction 503.1a and the applicable part of 503.1b should be given as part of the general instruction on the case. Instruction 503.1c is designed to be given before the beginning of stage two of the punitive damages trial. And instruction 503.1d is designed to be given at the close of the evidence in the stage two proceeding.

2. Instruction 503.1a should be given in all cases involving bifurcated proceedings.

Instruction 503.1b(1) should be given when the demand for punitive damages is based on the conduct of an individual defendant.

Instruction 503.1b(2) should be given when the demand for punitive damages is based on the conduct of a managing agent or principal. *Bankers Multiple Line Insurance Co. v. Farish*, 464 So. 2d 530 (Fla. 1985). That person should be named in 503.1b(2). Pending further development in the law, the committee takes no position regarding whether the independent negligence must be on the part of a managing agent or principal or whether it can be based on the independent negligence of another employee. *See Schropp v. Crown Eurocars, Inc.*, 654 So. 2d 1158 (Fla. 1995) and *Partington v. Metallic Engineering*, 792 So. 2d 498 (Fla. 4th DCA 2001). In appropriate cases, a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. *See, e.g., Schropp* at 1162 (Wells, J. concurring). In those cases, the instruction will need to be modified accordingly.

Instruction 503.1b(3) should be given when there is a demand for punitive damages against an employer/principal based on the conduct of an employee and punitive damages are also being sought against the employee. There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. *See, e.g., Knepper v. Genstar Corp.*, 537 So. 2d 619 (Fla. 3d DCA 1988) (joint venture); *Soden v. Starkman*, 218 So. 2d 763 (Fla. 3d DCA 1969) (partnership).

Instruction 503.1b(4) should be given when there is a demand for punitive damages against the employer/principal for the acts of an employee, but the employee is not a defendant or is not being sued for punitive damages.

In cases involving both direct and vicarious liability claims, instructions 503.1b(2) and 503.1b(3) or b(4) should be given with appropriate transitional language with respect to the claims based on vicarious liability.

"Intentional misconduct" and "gross negligence," as well as their definitions, are bracketed in these instructions because a defendant may be found liable for punitive damages if the jury finds by clear and convincing evidence that the defendant was guilty of either "intentional misconduct" or "gross negligence." See F.S. 768.72(2) (1999). Whether the jury should be in misconduct," "gross negligence," or both, depends on the circumstances of the case. In addition, once the jury has been instructed on the definitions of "intentional misconduct" and "gross negligence," those instructions do not have to be repeated.

The paragraphs in instructions 503.1b(2)–b(4) defining "clear and convincing evidence" are also bracketed because, once given, that definition does not have to be repeated.

3. Instructions 503.1b(1)–b(4) are designed for use in most common-law tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. *See, e.g., First Interstate Development Corp. v. Ablanedo*, 511 So. 2d 536 (Fla. 1987); *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985). The same may be true when punitive damages are authorized by statute. *See, e.g., Home Insurance Co. v. Owens*, 573 So. 2d 343, 346 (Fla. 4th DCA 1990).

4. It is not the purpose of instruction 503.1c second stage instructions to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of instruction 503.1c is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages, and that the amount which the jury determines appropriate could be zero.

5. Instruction 503.1c(2)(B) should only be used when evidence of a defendant's financial worth is introduced.

6. Instruction 503.1c(2)(C) should be used only after the court has determined that the evidence includes some additional circumstance that may affect the amount of punitive damages. *See, e.g., Owens-Corning Fiberglas Corp. v. Ballard*, 749 So. 2d 483 (Fla. 1999) (listing various such factors). *See generally BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). One such circumstance is the assessment of punitive damages against the defendant in prior cases. *See W.R. Grace & Co. v. Waters*, 638 So. 2d 502 (Fla. 1994).

7. This instruction is to be given when requested by the defendant. *See Wransky v. Dalfo*, 801 So. 2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defendant's net worth has been introduced. *See Bould v. Touchette*, 349 So. 2d 1181 (Fla. 1977); *Rinaldi v. Aaron*, 314 So. 2d 762 (Fla. 1975). This instruction is not intended to supplant the court's function in determining whether a verdict is constitutional. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996 ); *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The committee notes that many reported decisions have used alternative terms such as "bankrupt" or "economically castigate" to describe this limitation, instead of or in addition to the term "financially destroy." *See, e.g., Wackenhut Corp. v. Canty*, 359 So. 2d 430 (Fla. 1978); *Lehman v. Spencer Ladd's Inc*., 182 So. 2d 402 (Fla. 1966). The committee has selected the term "financially destroy" for its simplicity, but does not intend to foreclose the use of other legally valid terms where appropriate under the facts of the particular case.

8. Harm and risk of harm to nonparties. This instruction does not address what evidence of harm to nonparties is relevant or admissible in a particular case or whether additional instructions may be necessary to ensure due process based on the evidence admitted in a particular case or a particular phase of a bifurcated trial. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421–22 (2003). This instruction should be given, upon request, in cases in which evidence has been introduced that the defendant's conduct caused harm to others who are not parties to the case. *See Philip Morris USA v. Williams*, 549 U.S. 346, 355–57 (2007); *Philip Morris USA, Inc. v. Ledoux*, 230 So. 3d 530, 536 (Fla. 3d DCA 2017); *Philip Morris USA, Inc. v. Cohen,* 102 So. 3d 11, 18 (Fla. 4th DCA 2012), quashed on other grounds, 41 Fla. L. Weekly S113 (Fla. Jan. 29, 2016). Depending upon the evidence admitted in a particular case, additional language may be appropriate regarding the risk of harm the defendant's conduct posed to nonparties. *See Philip Morris USA v. Williams*, 549 U.S. at 355–57.

(Revised March 4, 2020 (35 So. 3d 666); August 13, 2021; November 19, 2021.)

**JOINT INSTRUCTION NO. 601.5 CONCLUDING INSTRUCTION**

**(BEFORE FINAL ARGUMENT)**

That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

Florida Standard Civil Jury Instructions, § 601.5

**NOTE ON USE FOR 601.5**

Instruction 601.5 is for use when instructing the jury before final argument. If the court's instruction is to be given after final argument, skip to instruction 700 and omit the bracketed sentence in the first paragraph.

**<u>JOINT INSTRUCTION NO. 700 — CLOSING INSTRUCTIONS</u>**

Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist

you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.

If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors.

Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one

verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

[I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)]

[You will be given (state number) forms of verdict, which I shall now read to you: (read form of verdict(s))]

[If you find for (claimant(s)), your verdict will be in the following form: (read form of verdict)]

[If you find for (defendant(s)), your verdict will be in the following form: (read form of verdict)]

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you have [agreed on your verdict[s]] [finished filling out the form[s]], your foreperson must write the date and sign it at the bottom and return the verdict[s] to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split.

You may now retire to decide your verdict.

**Given ___________**
**Given as Modified ___________**

**Denied ___________**
**Withdrawn ___________**

**<u>Authority:</u>**

Florida Standard Civil Jury Instructions, § 700

**NOTES ON USE FOR 700**

1. When final instructions are read to the jury before the attorney's closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate. If, however, the entire instruction is given after final arguments, omit the bracketed sentence in the first paragraph.

2. Florida Rule of Judicial Administration 2.451 governs jurors' use of electronic devices. Rule 2.451(b)(1) requires the trial court to remove cell phones and other electronic devices from jurors during their deliberations. This instruction may need to be modified to reflect the practices of a particular trial court when removing jurors' cell phones. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specific means of communication or research as technology develops.

3. Florida Rule of Judicial Administration 2.430(k) provides that at the conclusion of the trial, the court shall collect and immediately destroy all juror notes.

4. Quotient verdict. The committee recommends that no instruction generally be given to admonish the jury against returning a "quotient verdict."

5. When it is impracticable to take all of the evidence into the jury room, this instruction should be modified accordingly.

(Revised February 1, 2018; amended January 23, 2020 (288 So. 3d 1093).)

## JOINT INSTRUCTION NO. 801.1 JUROR QUESTIONS DURING DELIBERATIONS

Members of the jury, I have discussed your [note] [question] with the attorneys. You have [asked the following question] [made the following request]:

(read juror's note):

If I have not read your [note] [question] correctly, please raise your hand.

(clarify question as needed):

The answer is:

(respond to question):

**OR**

I am not able to [answer] [respond to] this [question] [request] because it [calls for information that is not in evidence] [is not proper to be considered in this case] [(other reason why question or request is improper)]. Your decision must be based only on the evidence presented in the trial and the law that I have given you. [If you have any other specific questions, please send another note, and I will see if I can answer it.] [(other appropriate response)].

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority:**

Florida Standard Civil Jury Instructions, § 801.1

**NOTES ON USE FOR 801.1**

1. The procedure contained in 801.1 assumes that a juror question or request will be in writing. Oral questions from jurors are discouraged.

2. In responding to a juror's question or request, the court should answer as specifically as possible. To avoid inadvertent error, it is a good practice to prepare a written answer with the assistance of the attorneys and then read this answer to the jury.

3. All written questions and answers should be preserved and placed in the court file.

**JOINT INSTRUCTION NO. 801.2 READBACK OR PLAYBACK OF TESTIMONY**

*a. Readback or playback granted as requested:*

Members of the jury, you have asked that the following testimony be [read] [or] [played] back to you: (describe testimony).

The testimony that you have requested will now be [read] [or] [played].

OR

*b. Readback or playback deferred when more time is needed to prepare the transcript or recording:*

Members of the jury, I have discussed with the attorneys your request to have certain testimony [read] [or] [played] back to you. It will take approximately (amount of time) to prepare and [read] [or] [play] back the requested testimony.

I now direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you should write down a more specific description of the part of the witness(es)' testimony which you want to hear again. Make your request for [reading] [or] [playing] back testimony as specific as possible.

*c. Response to general request for transcripts to be sent to jury room:*

Members of the jury, you have made a general request for transcripts that does not identify any particular witness's testimony that you wish to review. I am not able to send transcripts back to the jury room. If you would like to request a readback, you must specify the particular trial testimony you wish to have read back. I now direct you to return to the jury room and discuss your request further.

*d. Readback or playback denied:*

Members of the jury, you have asked that the following testimony be [read] [or] [played] back to you: (describe testimony).

I am not able to grant your request because (give reason(s) for denying request).

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

Florida Standard Civil Jury Instructions, § 801.2

**NOTES ON USE FOR 801.2**

1. Any juror may request that testimony be read back or played back. Fla. R. Civ. P. 1.453.

2. In civil cases, the decision to allow readback or playback of testimony lies within the sound discretion of the trial court. Broward Cnty. Sch. Bd. v. Ruiz, 493 So. 2d 474, 479–480 (Fla. 4th DCA 1986). However, the trial court must not tell jurors that they are prohibited from requesting a readback or playback of testimony. Johnson v. State, 53 So. 3d 1003 (Fla. 2010).

3. Any readback or playback of testimony must take place in open court in the presence of all parties after notice to counsel for the parties. Transcripts or tapes of testimony must not be sent back to the jury room. The court may respond in writing to a request for readback or playback of testimony without having the jury brought before the court, provided that the parties have received the opportunity to place objections on the record and both the request and response are made part of the record. Fla. R. Civ. P. 1.453(a).

**JOINT INSTRUCTION NO. 2.8 Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

11th Circuit Model Jury Instructions (modified: the Model Jury Instructions have this section in the preliminary instructions; this has been shifted to ending instructions)

**JOINT INSTRUCTION NO. 801.3 JURY DEADLOCKED**

Members of the jury, we understand you are having difficulty reaching a verdict. This case is important to the parties, and we appreciate your efforts. But I am going to ask you to go back to try again to reach a verdict if you reasonably can.

Please carefully consider the views of all the jurors, including those you disagree with. Keep an open mind and feel free to change your view if you conclude it is wrong.

You should not, however, give up your own conscientiously held views simply to end the case or avoid further discussion. Each of you must decide the case for yourself and not merely go along with the conclusions of other jurors.

If you cannot agree on what a witness said, you may ask that the court reporter read back to you a portion of any witness's testimony. To avoid delay, your request should be as specific as possible.

You may now return to the jury room for further deliberations.

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority:**

Florida Standard Civil Jury Instructions, § 801.3

**NOTES ON USE FOR 801.3**

1. This instruction should not be given unless the jury indicates it is deadlocked. *Moore v. State*, 635 So. 2d 998 (Fla. 4th DCA 1994); *Armstrong v. State*, 364 So. 2d 1238 (Fla. 1st DCA 1978).

2. This instruction should be given only once. If after having received this instruction, the jury announces again that it is deadlocked, the jury cannot be sent back for further deliberations. *Tomlinson v. State*, 584 So. 2d 43 (Fla. 4th DCA 1991

**JOINT INSTRUCTION NO. 801.4 INSTRUCTION UPON DISCHARGE OF JURY**

Ladies and gentlemen, on behalf of the parties, lawyers and the people of the State of Florida, I wish to thank you for your time and consideration of this case.

I also wish to advise you of some very special privileges enjoyed by jurors.

No juror can be required to talk about the discussions that occurred in the jury room, except by court order. For many centuries, our society has relied upon juries for consideration of difficult cases. We have recognized for hundreds of years that a jury's deliberations, discussions and votes should remain their private affair as long as they wish it. Therefore, the law gives you a unique privilege not to speak about the jury's work.

The lawyers and their representatives are not permitted to initiate any communication with you about the trial. However, you may speak to the lawyers or anyone else about the trial. You also have the right to refuse to speak with anyone. A request may come from those who are simply curious, or from those who might seek to find fault with you. It will be up to you to decide whether to preserve your privacy as a juror.

(In discharging the jury, the court should advise them of their further responsibilities, if any.)

**Given** ___________
**Given as Modified** ___________

**Denied ___________**
**Withdrawn ___________**

**Authority:**

Florida Standard Civil Jury Instructions, § 801.4

**NOTE ON USE FOR 801.4**

After this instruction, the jury should be discharged and no further discussion should be had between the judge and the jurors, or between the attorneys and jurors, except in accordance with applicable law. See Fla.R.Civ.P. 1.431(h); Rule Reg. Fla. Bar 4-3.5(d)(4).

**JOINT INSTRUCTION NO. 801.5 INCONSISTENT OR ERRONEOUS VERDICT**

I cannot accept your verdict[s] as written because: (insert a brief description why the verdict(s) [is] [are] inconsistent, incomplete, or otherwise erroneous).

[A [new] [second] verdict form is provided for your use [if needed].] Please complete the verdict form based on all of the jury instructions that were read to you.

[Do not destroy or further mark the first verdict form.]

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

Florida Model Jury Instructions

**NOTES ON USE FOR 801.5**

1. In *Coba v. Tricam Indus., Inc*., 164 So. 3d 637, 643 (Fla. 2015), the Supreme Court of Florida stated, "[a]n inconsistent verdict is defined as when two definite findings of fact material to the judgment are mutually exclusive." For discussion of the distinctions between inconsistent and inadequate verdicts. *See Id*. at 643–44 ("A verdict is not necessarily inconsistent simply because it fails to award enough money or even no money at all.") *See also Eulen Am. v. Lopez*, 2023 WL 2589788 (Fla. 3d DCA Mar. 22, 2023).

2. For examples of inconsistent verdicts see *Coba* 164 So. 3d 637; *Alvarez v. Rendon*, 953 So. 2d 702 (Fla. 5th DCA 2007).

3. The trial court has the right and duty before discharging the jurors to call their attention to a defective verdict and give them an opportunity to return a proper verdict. *Stevens Markets, Inc. v. Markantonatos*, 189 So. 2d 624, 626 (Fla. 1966)

(citing *Tobin v. Garry*, 127 So. 2d 698, 700 (Fla. 2d DCA 1961) (internal citations and quotations omitted)). When a defective verdict is returned and the defect discovered before the jury is discharged, resubmission by the trial court is a legal duty, not simply a discretionary call. *Morton Roofing, Inc. v. Prather*, 864 So. 2d 64, 67 (Fla. 5th DCA 2003). However, the committee takes no position on whether a new verdict form should be provided to the jury.

4. When a defective verdict is resubmitted by the trial court before the jury is discharged, the jury is still in control of the verdict — at liberty to review the case and to bring in an entirely new verdict. *Stevens Markets* 189 So. 2d at 626. The jurors, on reconsideration of their verdict on a second retirement, may amend it in substance, if they so agree, or they may submit an entirely different verdict. Id. In such an event, the entire cause remains in the hands of the jury and the jurors are not bound by their former action as a verdict which has not became final is subject to reconsideration in its entirety by the jury. *Morton Roofing* 864 So. 2d at 67–68; *Tobin* 127 So. 2d at 700 ("When they [jurors] are sent back to further or reconsider the matter, the case is still in their hands. They are not bound by their former action. They are at liberty to review the case and to bring in an entirely new verdict."). It is within the sound discretion of the trial court whether to resubmit to the jury: the first verdict form in its entirety; a copy of the first verdict form, marked for identification purposes; a new verdict form; or a new verdict form, together with a copy of the first verdict form, marked for identification purposes.

5. A clerical error in the verdict form which becomes apparent before the jury is polled or discharged may be resubmitted to the jury for clarification or correction. *Esskuchen v. State*, 756 So. 2d 156, 158 (Fla. 5th DCA 2000). This jury instruction may be used for facially improper or irregular verdict forms that are returned by a jury. *See Cory v. Greyhound Lines, Inc*., 257 So. 2d 36 (Fla. 1971) (transposed damage amounts); *McElhaney v. Uebrich*, 699 So. 2d 1033 (Fla. 4th DCA 1997) (mathematical error in verdict); *Central Taxi Service, Inc. v. Greenberg*, 418 So. 2d 333 (Fla. 3d DCA 1982) (incomplete verdict form).

(Adopted October 12, 2023.)

## JOINT INSTRUCTION NO. 3.9 ELECTION OF FOREPERSON

## EXPLANATION OF VERDICT FORM[S]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**

**Withdrawn ___________**

**<u>Source</u>**

11th Circuit Model Jury Instructions

# DISPUTED INSTRUCTIONS

Pursuant to the Amended Case Management and Scheduling Order, Dkt. 78, p. 6, and the Pretrial Order, Dkt. 98, Plaintiff/Counter-Defendant The Prudential Insurance Company of America ("Prudential") and Defendants/Counter-Plaintiffs Carol and George Gardina hereby submit the following Disputed Proposed Jury Instructions.

**DISPUTED INSTRUCTION NO. 1 -- FALSE IN ONE, FALSE IN ALL**

**(OFFERED BY PRUDENTIAL)**

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

Prudential offers this jury instruction to educate the jury on the inferences they are allowed to make as to any parties' false statements. Without this instruction, the jury might incorrectly believe that they may only consider the witnesses false statements in a vacuum. The Eleventh Circuit Pattern Instruction 3.4 does not instruct a juror that they can distrust a witness's testimony concerning *all* matters if they make a false statement with respect to a separate issue.

Non-pattern instruction.

*Anthony v. Douglas*, 201 So. 2d 917 (Fla. Dist. Ct. App. 1967) ; *City of Coral Gables v. Blount*, 116 Fla. 356, 360 (1934); *Siewe v. Gonzales*, 480 F.3d 160, 171 (2d Cir. 2007); *Kline v. Belco, Ltd*., 480 So. 2d 126, 128 (Fla. Dist. Ct. App. 1985).

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 1 -- FALSE IN ONE, FALSE IN ALL**

Such instruction is superfluous and unnecessary. The parties have agreed to 11th Circuit Pattern Instruction 3.4 which adequately addresses how to determine a witnesses' credibility.

**DISPUTED INSTRUCTION NO. 409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION (OFFERED BY PRUDENTIAL)**

Prudential's first cause of action against George and Carol Gardina is for fraudulent misrepresentation. To establish this claim, Prudential must prove all of the following by preponderance of the evidence:

First, whether George Gardina made a false statement concerning a material fact, that is, with respect to his or Carol's respective health and eligibility under either one of their respective policies for LTC benefits; and/or,

whether Carol Gardina made a false statement concerning a material fact, that is, with respect to her or George's respective health and eligibility under either one of their respective policies for LTC benefits;

Second, whether each individual defendant knew the statement was false when they made it or made the statement knowing they did not know whether it was true or false;

Third, whether each individual defendant intended that another would rely on the false statement;

Fourth, whether Prudential relied on the false statement; and, if so,

Fifth, whether the reliance on the false statement was a legal cause of loss or damage to Prudential.

On this claim for fraudulent misrepresentation, Prudential may rely on a false statement, even though its falsity could have been discovered if Prudential had made an investigation, unless it is shown that the Gardinas had exclusive or superior knowledge, or prevented further investigation. However, Prudential may not rely on a false statement if it knew it was false or its falsity was obvious to it.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

Prudential offers this modified standard civil jury instruction to educate the jury on the specific findings it needs to make with respect to Prudential's fraudulent misrepresentation claim in the context here. The jury needs to understand that either defendant can be liable for making misrepresentations as to their claim or their spouses.

Modified Florida Standard Civil Jury Instructions, § 409.7

NOTES ON USE FOR 409.7

1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in *First Interstate Development Corp. v. Ablanedo*, 511 So. 2d 536 (Fla. 1987); *Johnson v. Davis*, 480 So. 2d 625 (Fla. 1985); *Lance v. Wade*, 457 So. 2d 1008 (Fla. 1984); *Wallerstein v. Hospital Corp. of America*, 573 So. 2d 9 (Fla. 4th DCA 1990); *Atlantic National Bank v. Vest*, 480 So. 2d 1328 (Fla. 2d DCA 1985).

2. One or more issues in instruction 409.7 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. A

preemptive instruction on omitted issues should be given only if required by events during the trial.

3. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even when an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her. *Besett v. Basnett*, 389 So. 2d 995 (Fla. 1980).

4. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. *Casey v. Welch*, 50 So. 2d 124 (Fla. 1951); *Stokes v. Victory Land Co.,* 128 So. 408 (Fla. 1930); *Pryor v. Oak Ridge Development Corp*., 119 So. 326 (1928); *Wheeler v. Baars*, 15 So. 584 (Fla. 1894); *National Aircraft Services, Inc. v. Aeroserv International, Inc.*, 544 So. 2d 1063 (Fla. 3d DCA 1989); *National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc*., 362 So. 2d 338 (Fla. 4th DCA 1978). The damage attributable to the fraud must be separate from the damages flowing from a breach of contract. *AFM Corp. v. Southern Bell Telephone & Telegraph Co*., 515 So. 2d 180 (Fla. 1987); *National Aircraft Services, Inc. v. Aeroserv International, Inc*., 544 So. 2d 1063 (Fla. 3d DCA 1989); *John Brown Automation, Inc. v. Nobles*, 537 So. 2d 614 (Fla. 2d DCA 1988); *Rolls v. Bliss & Nyitray, Inc*., 408 So. 2d 229 (Fla. 3d DCA 1981), dism. 415 So. 2d 1359 (Fla. 1982).

(Revised July 13, 2023; revised June 19, 2024.)

<u>Additional Authority</u>

*Adams v. Prestressed Systems Indus.*, 625 So.2d 895, 897 (Fla. Dist. Ct. App. 1993) (stating, in the civil context, a party who relies on a misrepresentation must exercise some diligence in investigating the statement, unless it is shown “that the fraudulent party had exclusive or superior knowledge, or prevented further investigation”) (citing *Ramel v. Chasebrook Constr. Co.*, 135 So.2d 876 (Fla. 2d DCA 1961); *Nessim v. DeLoache*, 384 So.2d 1341 (Fla. 3d DCA 1980)).

## THE GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 409.7 ISSUES ON PLAINTIFF'S CLAIM — FRAUDULENT MISREPRESENTATION (OFFERED BY PRUDENTIAL)

Prudential offers a modified standard instruction which includes language not included in the pattern instruction. Moreover, the language in the final paragraph regarding the Gardinas' superior knowledge is repeated in Prudential's Delayed Discovery defense.

**DISPUTED INSTRUCTION NO. 2 – DEFINITION OF FALSE STATEMENT (OFFERED BY PRUDENTIAL)**

A "Statement" is defined as a verbal assertion or non-verbal conduct intended as an assertion.

A false statement is defined as an untrue statement knowingly made with the intent to mislead.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**

Prudential offers this jury instruction in order to educate the jury on what the definition of a false statement is, legally. This case hinges on whether certain statements were false, and thus, it is important that the jury understand exactly what a false statement is, and that a false statement can be non-verbal conduct

Non-pattern instruction.

*United States v. Ershova*, 791 F. App'x 158, 162–63 (11th Cir. 2019) (citing *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir. 1995) and Statement, False Statement, Black's Law Dictionary (11th ed. 2019))

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 2 DEFINITION OF FALSE STATEMENT

This is a non-pattern instruction. The Committee chose not to define this term in the pattern instructions as it does not require a definition.

**DISPUTED JURY INSTRUCTION NO. 3 – RELIANCE (OFFERED BY PRUDENTIAL)**

Prudential relied on the Gardinas' misrepresentation or concealment if:

First, the misrepresentation or concealment substantially influenced it to pay them long-term care benefits; and

Second, it would probably not have paid these benefits without the misrepresentation or concealment. It is not necessary for a misrepresentation or concealment to be the only reason for Prudential's conduct.

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority**:

Prudential offers this instruction in order to educate the jury on what the definition of reliance is, legally. An essential element in this case is whether or not Prudential relied on the Gardina's statements to its detriment. It is thus imperative that the jury understand what reliance is.

Non-pattern instruction

*Besett v. Basnett*, 389 So. 2d 995 (Fla. 1980) (The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even when an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her); *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 310 (Fla. Dist. Ct. App. 2011) ("Because justifiable reliance is not an element of fraudulent misrepresentation, "a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had [the recipient] made an investigation, unless [the recipient] knows the representation to be false or its falsity is obvious."") (citing *Gilchrist Timber Co. v. ITT Rayonier, Inc*., 696 So.2d 334, 336 (Fla.1997))

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 3 RELIANCE**

This is a non-pattern instruction. The Committee chose not to define this term in the pattern instructions as it does not require a definition.

**DISPUTED INSTRUCTION NO. 409.5 MATERIAL FACT (OFFERED BY PRUDENTIAL)**

A material fact is one that is of such importance that Prudential would not have acted, but for the false statement or the concealment of omission of fact. In this case, that means Prudential would not have paid either Carol and George Gardinas' claims for LTC benefits but for the alleged false statements or omissions.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**
Prudential offers this instruction in order to educate the jury on what a material fact is, legally. An essential element of this case is whether the statements made by the Gardinas' to Prudential constitute a material fact. It is thus important that the jury understand what a material fact is, in the context of this case.

Florida Standard Civil Jury Instructions, § 409.5

**NOTES ON USE FOR 409.5**

1. With respect to common-law fraud and negligent misrepresentation, Florida law uses the subjective, but-for test stated in this instruction. *See, e.g., Ribak v. Centex Real Estate Corp.*, 702 So. 2d 1316, 1317 (Fla. 4th DCA 1997) ("Under Florida law, a fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract."); *Atlantic Nat. Bank of Fla. v. Vest*, 480 So. 2d 1328, 1332 (Fla. 2d DCA 1985) (same).

2. This instruction may not be appropriate in cases involving other misrepresentation claims under Florida law that bear similarities to claims for common-law fraud and negligent misrepresentation but that call for materiality to be evaluated under an objective, reasonable-person standard. *See, e.g., J.P. Morgan Sec's., LLC v. Geveran Invests. Ltd.*, 224 So. 3d 316, 324 (Fla. 5th DCA

2017) (holding that in a misrepresentation claim under the Florida Securities and Investor Protection Act, "materiality must be based on . . . a reasonable investor looking at the total mix of information"); *Moustafa v. Omega Ins. Co.*, 201 So. 3d 710, 714 (Fla. 4th DCA 2016) (holding that a misrepresentation or omission is material for purposes of an insurer's right to rescind under F.S. 627.409(1) "if it does not enable a reasonable insurer to adequately estimate the nature of the risk") (internal quotation and citation omitted)

.

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 409.5 MATERIAL FACT

Prudential has modified the pattern instruction to include unnecessary language not included in the pattern instruction.

**DISPUTED INSTRUCTION NO. 409.6 LEGAL CAUSE (OFFERED BY PRUDENTIAL)**

*a. Legal cause generally:*

Misrepresentation of a material fact is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the misrepresentation, the loss, injury or damage would not have occurred.

*b. Concurring cause:*

In order to be regarded as a legal cause of loss, injury or damage misrepresentation of a material fact need not be the only cause. Misrepresentation of a material fact may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause if the misrepresentation contributes substantially to producing such loss, injury or damage.

*c. Intervening cause:*

*Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:

*[In order to be regarded as a legal cause of [loss] [injury] [or] [damage], misrepresentation of a material fact need not be its only cause.] Misrepresentation

of a material fact may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause occurring after the misrepresentation occurs if such other cause was itself reasonably foreseeable and the misrepresentation contributes substantially to producing such loss, injury or damage, or the resulting loss, injury or damage was a reasonably foreseeable consequence of the misrepresentation and the misrepresentation contributes substantially to producing it.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**<u>Authority:</u>**
Prudential offers this unaltered pattern instruction in order to explain to the jury what legal cause is, a concept that has different definitions and implications in the legal and non-legal context. Thus, an instruction on legal cause is important to instruct the jury on what standard they need to apply in their role as fact-finder.

Florida Standard Civil Jury Instructions, § 409.6

**NOTES ON USE FOR 409.6**

1. Instruction 409.6a (legal cause generally) is to be given in all cases. Instruction 409.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether a misrepresentation was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her misrepresentation by reason of some other cause concurring in time and contributing to the same damage. Instruction 409.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.

2. The jury will properly consider instruction 409.6a not only in determining whether defendant's misrepresentation is actionable but also in determining

whether claimant's conduct contributed as a legal cause to claimant's damage, thus reducing recovery.

3. Instruction 409.6b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury.

4. Instruction 409.6c (intervening cause) embraces two situations in which a misrepresentation may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the misrepresentation although the other cause was not foreseeable, *Mozer v. Semenza*, 177 So. 2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable, *Gibson v. Avis Rent-A-Car System, Inc*., 386 So. 2d 520 (Fla. 1980).

5. "Probable" results. The committee recommends that the jury not be instructed that the damage must be such as would have appeared "probable" to the actor or to a reasonably careful person at the time of the misrepresentation. In cases involving an intervening cause, the term "reasonably foreseeable" is used in place of "probable." The terms are synonymous and interchangeable. *See Sharon v. Luten*, 165 So. 2d 806, 810 (Fla. 1st DCA 1964); Prosser, Torts 291 (3d ed.); 2 Harper & James, The Law of Torts 1137.

6. The term "substantially" is used throughout the instruction to describe the extent of contribution or influence a misrepresentation must have in order to be regarded as a legal cause. "Substantially" was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant's negligence, *Loftin v. Wilson*, 67 So. 2d 185, 191 (Fla. 1953), but also in relation to plaintiff's comparative negligence, *Shayne v. Saunders*, 176 So. 495, 498 (Fla. 1937).

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 409.6 LEGAL CAUSE

The Gardinas object to the portions of the instruction regarding concurring cause and intervening cause as neither theory has been pled and no evidence exists to support either instruction.

**DISPUTED INSTRUCTION NO. 4 -- CIVIL CONSPIRACY – ESSENTIAL ELEMENTS (OFFERED BY PRUDENTIAL)**

Prudential's seventh cause of action against George and Carol Gardina is for conspiracy. Prudential claims that George and Carol Gardina conspired with each other to  defraud Prudential.

A conspiracy is an agreement by two or more persons to commit a wrongful act. Such an agreement may be made orally or in writing or may be implied by the conduct of the parties. If you find that the Gardinas committed a conspiracy to claim long-term care benefits that harmed Prudential, then you must determine whether the Gardinas are also responsible for the harm. The Gardinas are responsible if Prudential proves each of the following by a preponderance of the evidence:

First, a conspiracy or agreement was entered into between George and Carol Gardina;

Second, George and Carol Gardina agreed to do an unlawful act or to do a lawful act by unlawful means,

Third, George or Carol did an overt act or caused an overt act to be committed in furtherance of the conspiracy;, and

Fourth, as a result, Prudential was damaged.

In order for the Gardinas to have committed civil conspiracy, you must also find that the Gardinas intentionally misrepresented and/or concealed from Prudential the true and material facts regarding Carol Gardina's eligibility for long-term care benefits and/or George Gardina's eligibility for long-term care benefits..

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. Further, the agreement, common plan, design, or purpose does not have to have been arranged or formulated in advance. The existence of such agreement, plan or purpose may be inferred from the fact that two or more persons acted together to put into effect a joint enterprise with a wrongful or criminal aim. Finally, the existence of a conspiracy and an individual defendant's participation in it may be inferred from circumstantial evidence. *Donofrio v. Matassini*, 503 So.2d 1278, 281 (Fla. 2nd DCA 1987).

Each member of the conspiracy is liable for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a violation in furtherance of a conspiracy, the other members have also, under the law, committed the violation.

In deciding whether the charged conspiracy exists, you may consider the actions and statements of every one of the alleged participants. An agreement may

be proved from all the circumstances and the words and conduct of all the alleged participants which are shown by the evidence.

In deciding whether a particular defendant joined the conspiracy, you must base your decision on the evidence presented to you. A co-conspirator's statement can be used as evidence against another conspirator in your determination of who was part of the conspiracy. In determining what a Defendant did or said, you may consider the defendant's own words or acts or may impute the words or acts of any other co-conspirator against the defendant.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

Prudential offers this jury instruction in order to educate the jury on what civil conspiracy is, which is a cause of action in this matter. The jury must know the essential elements of this charge in order to determine whether or not the elements have been met.

Non-pattern instruction

*Gordon v. Bethel*, 359 So. 3d 802, 810 (Fla. Dist. Ct. App. 2023) ("A civil conspiracy has the following elements: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy""")(citing *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006)); *Wright v. Yurko*, 446 So. 2d 1162, 1165 (Fla. Dist. Ct. App. 1984). *See also Cordell Consultant, Inc. Money Purchase Plan & Trust v. Abbott*, 561 Fed. Appx. 882, 886 (11th Cir. 2014); *Kipnis v. Bayerische Hypo-Und Vereinsbank*, AG, 13-23998-CIV, 2014 WL 1334111, at *6 (S.D. Fla. 2014).

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 4 – CIVIL CONSPIRACY – ESSENTIAL ELEMENTS**

Prudential's instruction contains superfluous and irrelevant language which goes far beyond educating the jury as to the essential elements of its cause of action.

# DISPUTED INSTRUCTION NO. 416.1 BREACH OF CONTRACT — INTRODUCTION AND ESSENTIAL FACTUAL ELEMENTS (OFFERED BY PRUDENTIAL)

The Gardinas claim that they and Prudential entered into a contract for long-term care insurance, and that Prudential allegedly breached the contract. To establish breach of contract, the Gardinas must prove each of the following by preponderance of the evidence:

First, the Gardinas and Prudential entered into a contract;

Second, the Gardinas did all, or substantially all, of the essential things which the contract required it to do;

Third, all conditions required by the contract for Prudential's performance had occurred;

Fourth, Prudential failed to do something essential which the contract required it to do; and

Fifth, The Gardinas were damaged by that failure.

The Gardinas claims that Prudential breached their Policy by denying their claim for long-term care benefits, and that the breach resulted in damages to the Gardinas.

Prudential denies that it breached the contract by denying the Gardinas long-term care insurance benefits. Prudential also claims the affirmative defenses of failure to state a claim, equitable estoppel, and breach of the duty to cooperate.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**

Prudential offers this jury instruction in order to educate the jury on what breach of contract is, which is a cause of action in this matter. The jury will benefit from an introduction to this charge in order to determine whether or not the elements have been met.

Florida Standard Civil Jury Instructions, § 416.1 (modified to include the essential factual elements from Florida Standard Civil Jury Instruction 416.4)

**NOTE ON USE FOR 416.1**

This instruction is intended to introduce the jury to the issues involved in the case. It should be read before the instructions on the substantive law.

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 416.1 BREACH OF CONTRACT -- INTRODUCTION**

It is undisputed that both Defendants entered into a contract with Prudential. Accordingly, the jury should not be instructed on whether the parties entered into a contract. Prudential also improperly includes an affirmative defense not otherwise included in the pattern instruction.

**DISPUTED INSTRUCTION NO. 5 – ISSUE OF DUTY AND PRUDENTIAL'S AFFIRMATIVE DEFENSE – BREACH OF THE DUTY TO COOPERATE (OFFERED BY PRUDENTIAL)**

Most insurance policies include what is often referred to as a cooperation clause. In instances where a policy does not include such a clause, one is implied at law. The purpose of a cooperation clause is to protect the insurer from collusion between the insured and injured third parties, while making it possible for the insurer to conduct a proper investigation of the claim, and determine its own obligations. Accordingly, an insured breaches the cooperation clause when it fails to communicate honestly and openly with its insurer.

An insured's breach of the cooperation clause precludes coverage and releases the insurer from any responsibilities that it may otherwise have under the terms of the contract. Here, the Gardinas were required to cooperate with Prudential in accordance with the cooperation clause implied by law in their Policies with Prudential.

Prudential claims it did not breach the Gardinas' contract because the Gardinas breached the duty to cooperate. To establish this defense, Prudential must prove that the Gardinas failed to communicate honestly and openly with Prudential.

**Given ___________**
**Given as Modified ___________**

**Denied ___________**
**Withdrawn ___________**

**Authority**:

Prudential offers this instruction to educate the jury on its affirmative defenses, the breach of the duty to cooperate. This affirmative defense is essential to Prudential's defense in this case, and thus it is important that the jury understand this concept within the context of this matter. This instruction is also critical to the issue of whether the Gardinas had a duty to disclose information to Prudential. This instruction is in accord with this Court's order on the motion for summary judgment, which held the Gardinas did indeed have a duty to disclose information to Prudential, and outlined the law detailed above in the instruction and below in the authority cited.

Non-pattern instruction

*The Prudential Ins. Co. of America v. Carol Gardina, et al.*, 2024 WL 5145914, at *6 (M.D. Fla. Dec. 17, 2024) ("Thus, the court finds that the [Gardinas] had an ongoing duty to disclose the accurate nature of their health and ability to perform activities of daily living");*Continental Cas. Co. v. City of Jacksonville*, 550 F. Supp. 2d 1312, 1339 (M.D. Fla. 2007); *Mimbs v. Commercial Life Ins. Co.,* 832 F.Supp. 354, 358 (S.D.Ga.1993) (finding an implied duty of cooperation and non-hindrance existed under health insurance policy); *First Bank of Turley v. Fid. & Deposit Ins. Co. of Md.,* 928 P.2d 298, 304 (Okla.1996) (finding that an insured has a duty to cooperate which is both contractual and implied at law); *Hudson Tire Mart, Inc. v. Aetna Cas. & Sur. Co.,* 518 F.2d 671, 674 (2d Cir.1975); *Martin v. Travelers Indem. Co.,* 450 F.2d 542, 553 (5th Cir.1971); *Farmers Cas. Co. v. Green,* 390 F.2d 188, 191 (10th Cir.1968); *Wildrick v. N. River Ins. Co.,* 75 F.3d 432, 436 (8th Cir.1996); *Sargent v. Johnson,* 551 F.2d 221, 232 (8th Cir.1977)

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 5 – AFFIRMATIVE DEFENSE – BREACH OF THE DUTY TO COOPERATE

Prudential claims this instruction is necessary to support its affirmative defense. However, Prudential did not plead failure to cooperate as an affirmative defense to the Gardinas' counterclaims.

**DISPUTED INSTRUCTION NO. 6 – DEFINITION OF DUTY (OFFERED BY PRUDENTIAL)**

Duty is defined as the obligations of performance, care, or observance which rest upon a person.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

Prudential offers this instruction to educate the jury on what duty is, legally. Duty as a legal concept is different than how a lay-person might understand duty. It is thus important that the jury understand how to interpret duty in this legal context, as legal duty constitutes a part of many essential elements of causes of action in this matter.

Non-pattern instruction

Duty, Black's Law Dictionary (12th ed. 2024)

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 6 – DEFINITION OF DUTY**

This is a non-pattern instruction. The Committee chose not to define this term in the pattern instructions as it does not require a definition.

**DISPUTED INSTRUCTION NO. 504.9 MITIGATION OF DAMAGES**

**(OFFERED BY PRUDENTIAL)**

If Prudential breached the contract and the breach caused damages, the Gardinas are not entitled to recover for those damages which Prudential proves the Gardinas could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of the Gardinas efforts in light of the circumstances facing them at the time, including their ability to make the efforts or expenditures without undue burden.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority:**
Prudential offers this jury instruction in order to explain to the jury the concept of mitigation of damages. Mitigation of damages is an essential concept in awarding the correct amount of damages and must be understood by the jury in order to apply correctly.

Florida Model Jury Instructions

**NOTE ON USE FOR 504.9**

This instruction is intended primarily for use in exclusive contract cases when the defense of mitigation of damages has been asserted, as non-exclusive contracts are generally considered an exception to the doctrine of avoidable consequences. *See Graphic Assocs., Inc. v. Riviana Rest. Corp.*, 461 So.2d 1011, 1014 (Fla. 4th DCA 1984); Calimari and Perillo, THE LAW OF CONTRACTS § 14-16. This instruction does not use the somewhat inaccurate term “duty to mitigate” damages because “[t]here is no actual ‘duty to mitigate,’ because the injured party is not compelled to undertake any ameliorative efforts.” *Sys. Components Corp. v. Fla. Dep’t of Transp.*, 14 So.3d 967, 982 (Fla. 2009).

**SOURCES AND AUTHORITIES FOR 504.9**

1. *Sys. Components Corp. v. Fla. Dep't of Transp.*, 14 So.3d 967, 982 (Fla. 2009) ("The doctrine of avoidable consequences … commonly applies in contract and tort actions. … The doctrine does not permit damage reduction based on what 'could have been avoided' through Herculean efforts. Rather, the injured party is only accountable for those hypothetical ameliorative actions that could have been accomplished through 'ordinary and reasonable care' without requiring undue effort or expense.") (internal citations omitted).

2. *Graphic Associates, Inc. v. Riviana Rest. Corp.*, 461 So.2d 1011, 1014 (Fla. 4th DCA 1984) ("The doctrine of avoidable consequences, commonly referred to as a duty to mitigate damages, prevents a party from recovering those damages inflicted by a wrongdoer which the injured party 'could have avoided without undue risk, burden, or humiliation.'") (citation omitted).

RESTATEMENT (SECOND) OF CONTRACTS § 350 (1981) ("(1) Except as stated in Subsection (2), damages are not recoverable for loss that the injured party could have avoided without undue risk, burden or humiliation. (2) The injured party is not precluded from recovery by the rule stated in Subsection (1) to the extent that he has made reasonable but unsuccessful efforts to avoid loss.").

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 504.9 MITIGATION OF DAMAGES**

If the Gardinas prevail on their counterclaim(s), their damages are the fixed monthly benefit as provided by the contract. Accordingly, the defense of mitigation of damages does not apply to the Gardinas' actions on the contracts. Moreover, Prudential has not offered any evidence as to how the Gardinas failed to mitigate their damages.

**DISPUTED INSTRUCTION 7 – CHRONIC ILLNESS OR DISABILITY**

**(OFFERED BY PRUDENTIAL)**

The Gardinas' long-term care insurance policy with Prudential provides coverage if they suffer from a Chronic Illness or Disability.

A "Chronic Illness or Disability" is one in which there is:

1) a loss of the ability to perform, without Substantial Assistance, at least two Activities of Daily Living for a period of at least 90 consecutive days; and/or

2) a severe Cognitive Impairment, which requires Substantial Supervision to protect [them] from threats to health and safety.

The Activities of Daily Living are bathing, continence, dressing, eating, toileting, and transferring. A loss of the ability to perform, without substantial assistance, means the Gardinas claim they cannot bathe, dress, eat, toilet, transfer, or control their bladder without physical assistance (hands-on care) or someone standing at arms-length.

"Severe cognitive impairment" means a severe:

Loss or deterioration in intellectual capacity that is:

1) comparable to and includes Alzheimer's disease and similar forms of irreversible dementia;

2) measured by clinical evidence and standardized tests that reliably measure impairment in the individual's:

a) short-term or long term memory;

b) orientation as to people, places, or time and

c) deductive or abstract reasoning.

**Given** ___________
**Given as Modified** ___________

**Denied ___________**
**Withdrawn ___________**

**Authority:**
The Gardinas' Policies.

This cause revolves around a long-term care insurance policy which has specific definitions. These definitions may vary from how a lay-person may define them, and in order to qualify for benefits, the insured must qualify under the definitions set by Prudential. It is thus important that they jury understand exactly what these definitions are.

Non-pattern instruction

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 7 – CHRONIC ILLNESS OR DISABILITY

Prudential's instruction fails to comply with the minimum requirements for benefit triggers provided by Florida Statutes sections 627.9404 and 627.94074.

**DISPUTED INSTRUCTION 8 -- LAWFULNESS OF SURVEILLANCE**

**(OFFERED BY PRUDENTIAL)**

Prudential conducted surveillance of the Gardinas in their investigation. This surveillance all occurred in public. It is lawful to surveil an individual if that individual is in a public space and has no reasonable expectation of privacy.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

Prudential offers this instruction in order to educate the jury that the surveillance it conducted was lawful. The lawful surveillance of the Gardinas is important evidence in this matter. Prudential will be prejudiced if the jury believes that this surveillance was unlawful or unconstitutional.

Non-pattern instruction

*California v. Ciraolo*, 476 U.S. 207, 212 (1986); *Oliver v. United States*, 466 U.S. 170, 177 (1984); *United States v. Medina*, 158 F. Supp. 3d 1303, 1308 (S.D. Fla. 2015)

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 8 -- LAWFULNESS OF SURVEILLANCE

This is a non-pattern instruction which is unnecessary.

**DISPUTED INSTRUCTION 9 -- INTRODUCTION TO TORT DAMAGES**

**(OFFERED BY PRUDENTIAL)**

If you decide that Prudential has proved its claim against the Gardinas, you also must decide how much money will reasonably compensate Prudential for the harm. This compensation is called "damages."

The amount of damages must include an award for each item of harm that was caused by the Gardinas' wrongful conduct, even if the particular harm could not have been anticipated.

Prudential does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Prudential:

1. The amount Carol Gardina received in LTC Benefits, which is subject to proof at trial, but no less than $1,201,789;
2. The amount George Gardina received in LTC Benefits, which is subject to proof at trial;
3. Costs incurred by Prudential in connection with its investigation and discovery of the Gardinas' misconduct, which is no less than $12,496.
4. No less than $682,067 in lost investment earnings.
5. Prejudgment interest in an amount no less than $1,046,692

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority**:

Prudential offers this instruction in order to educate the jury on the correct amount of damages to award. Ensuring that the jury awards the correct amount of damages helps ensure judicial finality to this matter.

Non-pattern instruction

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 9 --

## INTRODUCTION TO TORT DAMAGES

See comment to Prudential's proposed instruction titled, "Damages."

**DISPUTED INSTRUCTION NO. 10 – DUTY TO DISCLOSE**

Prudential's second cause of action for fraudulent concealment requires the Gardinas to have had a duty to disclose a material fact.

When a party undertakes to disclose information, they must disclose all material facts—even if they did not previously have a duty to do so. The basic rule is, that where a party in a contractual situation begins disclosing information and facts within their knowledge, or answering questions concerning such facts, they must disclose the whole truth.

Here, the Gardinas had such an going duty to disclose the accurate nature of their health and ability to perform activities of daily living to Prudential.

**Given** ___________
**Given as Modified** ___________
**Denied** ___________
**Withdrawn** ___________

**Authority**:

This Court held the Gardinas had a duty to disclose material facts to Prudential. *The Prudential Ins. Co. of America v. Carol Gardina, et al.*, 2024 WL 5145914, at *6 (M.D. Fla. Dec. 17, 2024) ("Thus, the court finds that the [Gardinas] had an ongoing duty to disclose the accurate nature of their health and ability to perform activities of daily living"). The jury should be so instructed. *See Gutter v. Wunker*, 631 So. 2d 1117, 1118–19 (Fla. Dist. Ct. App. 1994) ("where a party in an arm's length transaction undertakes to disclose information, all material facts must be disclosed"); s*ee Vokes v. Arthur Murray, Inc*., 212 So.2d 906 (Fla. 2d DCA 1986) ("Even in contractual situations where a party to a transaction owes no duty to disclose facts within his knowledge or to answer inquiries respecting such facts, the law is if he undertakes to do so he must disclose the Whole truth"); *see also*

*Nicholson v. Kellin,* 481 So.2d 931 (Fla. 5th DCA 1985); *Ramel v. Chasebrook Const. Co.*, 135 So.2d 876 (Fla. 3d DCA 1976).

**GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION 10 - - DUTY TO DISCLOSE**

During the meet and confer process, the Gardinas indicated they dispute this instruction, but did not otherwise provide their position or authority in support of their position to Prudential for insertion into this joint statement.

**DISPUTED INSTRUCTION NO. 11 -- STATUTE OF LIMITATIONS**

**(OFFERED BY PRUDENTIAL)**

The Gardinas contend that Prudential's lawsuit was not filed within the time set by law. To succeed on this defense, the Gardinas must prove that Prudential had discovered, or should have discovered with the exercise of due diligence, the facts giving rise to Prudential's claims of relief for fraud before June 14, 2019.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

Florida Statute 95.11(3)(i); 95.031.

*Brexendorf v. Bank of America, N.A.*, 319 F.Supp.3d 1257, 1262 (M.D. Fla. 2018) (explaining that the statute of limitations is an affirmative defense and that the party asserting the defense bears the burden of proof) (citing *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 11 -- STATUTE OF LIMITATIONS

During the meet and confer process, the Gardinas indicated they dispute this instruction, but did not otherwise provide their position or authority in support of their position to Prudential for insertion into this joint statement.

**<u>DISPUTED INSTRUCTION NO. 12 – CONTINUING VIOLATION DOCTRINE (OFFERED BY PRUDENTIAL)</u>**

Additionally, if the Gardinas prove that Prudential's claimed harm occurred before June 14, 2019, Prudential's lawsuit was still filed on time if Prudential proves that the Gardinas made additional misrepresentations to Prudential, or concealed material facts from Prudential, after June 14, 2019.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**<u>Authority</u>**:

*Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1221 (11th Cir.2001)*; Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007) (The critical distinction in continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one-time violation, which does not extend the limitations period, or the continuation of a violation into the present, which does); *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So.2d 1157, 1163 (Fla. 3d DCA 1984); *White v. GM Law Firm, LLC*, 2023 WL 11646007, at *9-10 (S.D. Fla. Dec. 13, 2023); *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir.1974) (holding that a § 1983 action brought by a former mental patient for continuous civil confinement without psychiatric treatment did not accrue until the patient was released), vacated on other grounds by, *O'Connor v. Donaldson*, 422 U.S. 563, 95 S.Ct. 2486, 45 L.Ed.2d 396 (1975); *Santiago v. Lykes Bros*. S.S. Co., 986 F.2d 423, 426 (11th Cir.1993) (discussing *Donaldson* )

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 12 – CONTINUING VIOLATION DOCTRINE

During the meet and confer process, the Gardinas indicated they dispute this instruction, but did not otherwise provide their position or authority in support of their position to Prudential for insertion into this joint statement.

**DISPUTED INSTRUCTION NO. 13 – STATUTE OF LIMITATIONS - FRAUDULENT CONCEALMENT DOCTRINE (OFFERED BY PRUDENTIAL)**

Additionally, if the Gardinas prove that Prudential's claimed harm occurred before June 14, 2019, Prudential's lawsuit was still filed on time if Prudential proves that the Gardinas successfully fraudulently concealed their wrongdoings, used fraudulent means to achieve that concealment, and Prudential exercised reasonable care and diligence seeking to discover the facts that form the basis of this claim.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**Authority**:

*Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc*., 990 F. Supp. 2d 1254, 1272 (M.D. Fla. 2013) (To establish fraudulent concealment, Plaintiff must allege and establish: "(1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim."); *Butler Univ. v. Bahssin*, 892 So. 2d 1087 (Fla. Dist. Ct. App. 2004) (finding that the fraudulent concealment doctrine operates to prevent defendants from benefiting from a statute of limitations when their own wrongdoing delays filing of a cause of action, whereas the delayed discovery doctrine does not require a deceptive defendant so much as a blameless plaintiff.); *Nardone v. Reynolds*, 333 So.2d 25, 39 (Fla.1976), modified on other grounds, *Tanner v. Hartog*, 618 So.2d 177 (Fla.1993).

## GARDINAS' STATEMENT REGARDING DISPUTED INSTRUCTION NO. 13 – FRAUDULENT CONCEALMENT DOCTRINE

During the meet and confer process, the Gardinas indicated they dispute this instruction, but did not otherwise provide their position or authority in support of their position to Prudential for insertion into this joint statement.

**DISPUTED INSTRUCTION NO. 14 (OFFERED BY GARDINAS)**

Reasonable reliance on a statement because it conceals or omits a material fact is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, [injury or damage, so that it can reasonably be said that, but for the misrepresentation/concealment the loss, injury or damage would not have occurred.

## PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 14

The Gardinas' instruction is difficult to decipher and will confuse the jury. It also purports to require a "but for" standard, which is improper. Prudential's offered instruction is clearer, better suited to juror comprehension, and correctly cites controlling law, to wit, that the misrepresentation or concealment merely needs to substantially influence Prudential's conduct, not that it be the "but for" cause.

**DISPUTED INSTRUCTION NO. 15 (OFFERED BY GARDINAS)**

To find the Gardinas liable on Prudential's concealment claim, you must find that the Gardinas continued to make a statement or statements after June 14, 2011, which concealed or omitted a material fact.

**Authority:**

**Section**

## PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 15

The Gardinas instruction misstates the law. The Gardinas may be liable if a jury finds they made any additional misrepresentations after June 14, 2019. The Gardinas instruction should be rejected as they offer no authority or argument in support.

**DISPUTED INSTRUCTION NO. 16 (OFFERED BY GARDINAS)**

Reasonable reliance on a statement made in furtherance of an agreement to conceal or omit a material fact is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, [injury or damage, so that it can reasonably be said that, but for the misrepresentation,concealment the loss, injury or damage would not have occurred.

**PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 16**

The Gardinas' instruction is difficult to decipher and will confuse the jury. It also purports to require a "but for" standard, which is improper. Prudential's offered instruction on this issue is clearer, better suited to juror comprehension, and correctly cites controlling law, to wit, that the misrepresentation or concealment merely needs to substantially influence Prudential's conduct, not that it be the "but for" cause.

**<u>DISPUTED INSTRUCTION NO. 17 (OFFERED BY GARDINAS)</u>**

To find the Gardinas liable on Prudential's conspiracy to conceal claim, you must find that the Gardinas continued to make a statement or statements after June 14, 2011, in furtherance of the agreement to conceal or omit a material fact.

**Authority:**

**Section**

## PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 17

The Gardinas instruction misstates the law. The Gardinas may be liable if a jury finds they made any additional misrepresentations after June 14, 2019. The Gardinas offer no support or authority in support of their instruction.

**DISPUTED INSTRUCTION NO. 18 - AFFIRMATIVE DEFENSE – STATUTE OF LIMITATIONS (OFFERED BY GARDINAS)**

On the defense of statute of limitations, the issue for you to decide is whether PRUDENTIAL filed its lawsuit within the time set by law.

PRUDENTIAL seeks damages for harm that PRUDENTIAL claims occurred before June 14, 2019, the date that Florida law recognizes as significant under the statute of limitations in this action.

To recover all of its damages PRUDENTIAL must prove that, before June 14, 2019, PRUDENTIAL did not know of the facts that would have caused a reasonable insurance company to supect that it had suffered harm that was caused by someone's wrongful conduct.

**416.32** Florida Standard Civil Jury Instructions for Contracts and Business

Authority:

*Lincoln Benefit Life Co. v. Dallal*, Case No. 16-cv-09307 (C.D. Ca/ 8/13/18)

**PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 18**

The Gardinas instruction misstates the law. The statute of limitations is the Gardinas' affirmative defense. The burden of proof to prove their affirmative defense falls on the Gardinas, not Prudential. Florida Statute 95.11(3)(i); 95.031; *Brexendorf v. Bank of America, N.A.*, 319 F.Supp.3d 1257, 1262 (M.D. Fla. 2018) (explaining that the statute of limitations is an affirmative defense and that the party asserting the defense bears the burden of proof) (citing *La Grasta v. First Union Secs.*, *Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). The Gardinas authority in support of their authority is a case concerning California law.

Prudential's instruction on this same affirmative defense correctly states the applicable law.

**<u>DISPUTED INSTRUCTION NO. 19 – DAMAGES ARE TO COMPENSATE ONLY FOR INJURIES, NOT FOR EACH RIGHT – OFFERED BY THE GARDINAS</u>**

Prudential is entitled to be compensated only for injuries or harm it suffered as defined in these Instructions. Thus, if you find for Prudential on more than one claim, but the resulting injuries or harm were no greater than the injuries or harm would have been on only one claim, then you should award an amount of damages no greater than you would award if you had found for Prudential on only one claim.

**Given ___________**
**Given as Modified ___________**
**Denied ___________**
**Withdrawn ___________**

**PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 19**

The Gardinas provide no authority for their instruction, which is confusingly written, and risks misstating the law to the jury. This instruction might cause the jury to think they can only give damages to Prudential against the Gardinas concerning one of their policies, but not both, even though Prudential could recover against the Gardinas for payments made under both policies. The jury may further think it must choose between prejudgment interest or compensatory damages when the jury may in fact reward both.

**DISPUTED INSTRUCTION NO. 416.12 – SUBSTANTIAL PERFORMANCE – OFFERED BY THE GARDINAS**

PRUDENTIAL claims that the Gardinas did not perform all of the essential things which the contract required, and therefore PRUDENTIAL did not have to perform its obligations under the contract. To defeat this claim, the Gardinas must prove both of the following:

1. The Gardinas performed in good faith, and
2. The Gardinas performance was so nearly equivalent to what was bargained for that it would be reasonable to deny them the full benefits owed under the policy.

NOTE ON USE FOR 416.12

The measure of any reduction referred to in element 2 should be addressed in the damages instructions.

SOURCES AND AUTHORITIES FOR 416.12

1. "There is almost always no such thing as 'substantial performance' of payment between commercial parties when the duty is simply the general one to pay. Payment is either made in the amount and on the date due, or it is not." *Enriquillo Export & Import, Inc. v. M.B.R. Indus. Inc*,, 733 So.2d 1124, 1127 (Fla. 4th DCA 1999).
2. "Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that is would be unreasonable to deny the promise the full contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." Ocean Ridge Dev. Corp. v. Quality Platering, Inc., 247 So.2d 72, 75 (Fla. 4th DCA 1971).

## PRUDENTIAL'S STATEMENT REGARDING DISPUTED INSTRUCTION NO. 416.12

If this instruction is given, then the Court must necessarily instruct the jury that the Gardinas had a duty to cooperate with Prudential and a duty to disclose the accurate nature of their health and ability to perform activities of daily living to Prudential. *The Prudential Ins. Co. of America v. Carol Gardina, et al*., 2024 WL 5145914, at *6 (M.D. Fla. Dec. 17, 2024) ("Thus, the court finds that the [Gardinas] had an ongoing duty to disclose the accurate nature of their health and ability to perform activities of daily living"). The jury cannot be left with the misleading impression that the Gardinas substantially performed under their contract simply by providing (with hindsight, fraudulent) claim forms—they must understand that the Gardinas were obligated to disclose the truth to Prudential, which they plainly failed to do. The Gardinas thus deprived Prudential of what they bargained for by failing to cooperate with Prudential's requests for medical records and by failing to disclose the accurate nature of their health and ability to perform activities of daily living, such that Prudential did not have to pay the Gardinas for their claims.