UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

Plaintiff,

v. Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA and GEORGE
GARDINA,

Defendants.
___________________________________/

**FINAL PRETRIAL ORDER**

On January 9, 2025, the court held a final pretrial conference pursuant to Federal Rule of Civil Procedure 16 and Middle District of Florida Local Rule 3.06. (Dkt. 123.) Trial in this matter is set for a date certain commencing on March 17, 2025. (Dkt. 124.) Upon consideration, it is **ORDERED**:

1. **Date of Trial**. This matter is set for a jury trial commencing March 17, 2025 before the undersigned in Courtroom 6C.

2. **Length of Trial**. The court has set aside 10 days for trial in this case. Trial will begin at 9:00 a.m. and end at 5:00 p.m., with one fifteen-minute break in the morning, one fifteen-minute break in the afternoon, and one sixty-minute lunch recess at noon.

3. **Pretrial Statement**. The parties have filed a Joint Pretrial Statement (Dkt. 112), which shall govern the course of the trial. Fed. R. Civ. P. 16(e).

4. **Number of Jurors**. Eight jurors will be empaneled to try this case, all of whom shall deliberate unless excused for cause by the court and two of whom shall serve as alternates. Fed. R. Civ. P. 48.

5. **Voir Dire**. The court will conduct the jury voir dire. After the court concludes, counsel shall have fifteen minutes each to conduct voir dire. The court has given due consideration to the parties' proposed voir dire questions (Dkts. 112-13, 112-14) and made rulings on the record at the pretrial conference as to which questions are permissible.

6. **Challenges**. Each side will be allowed to exercise three peremptory challenges. 28 U.S.C. § 1870. The parties will exercise their strikes alternately, beginning with Plaintiff. Back-striking is permitted.

7. **Witnesses**. As part of the Joint Pretrial Statement, the parties filed their witness lists in this case. (Dkt. 112.) The parties indicate that there are no remaining objections to the listed witnesses. The parties expect to call a total of approximately 28 witnesses. The parties shall exchange their final witness lists on or before the last business day prior to the start of trial.

8. **Exhibits**. The parties were directed to meet on or before December 20, 2024, to exchange exhibit lists and pre-mark their exhibits in accordance with Local Rule 3.07. As part of the Joint Pretrial Statement, the parties filed their exhibit lists in this case. (Dkt. 112.) The parties shall file their final exhibit lists on or before February 14, 2025.

9. **Deposition Testimony**. The parties, without objection, indicate that multiple witnesses may testify by deposition.

10. **Pending Motions**.

    a. Plaintiff's Motions in Limine (Dkts. 114, 115, 116, 117).

    b. Defendants' Motions in Limine (Dkts. 100, 101, 102, 103, 104, 105, 106, 107, 108, 109).

    c. Defendants' Motion for Reconsideration (Dkt. 118).

    d. Defendants' Motion to Strike Plaintiff's Supplemental Expert Reports (Dkt. 119).

    e. Responses to the pending Motions in Limine are due on or before January 17, 2025.

11. **Pretrial Motions**. The deadline for filing pretrial motions has passed.

12. **Jury Instructions and Verdict Forms**. The parties have filed their proposed jury instructions and proposed verdict forms. (Dkts. 112-11, 112-12, 121.) As discussed at the pretrial conference, the court is reviewing these submissions and will provide its proposed instructions and verdict forms to the parties. The parties are directed to confer with each other and the Courtroom Deputy Clerk regarding the scheduling of an additional conference to discuss the final jury instructions and verdict forms before the date of trial.

13. **Trial Procedures**. The following procedures shall govern the course of the

trial in this case:

a. **Opening Statements**. The court will not impose a stringent time limit on opening statements. However, the court emphasizes the importance of an efficient presentation and, therefore, discourages unduly lengthy opening statements. Accordingly, counsel is advised to limit opening statements to ten to fifteen minutes. The use of exhibits during opening statements will be determined on a case-by-case basis. Generally, demonstrative exhibits are permitted, but no exhibits may be used that have not yet been introduced into evidence. Plaintiffs are not permitted to provide rebuttal during opening statements.

b. **Examination of Witnesses and Presentation of Evidence**. Examination of witnesses is limited to direct examination, cross-examination, and re-direct examination. Fed. R. Evid. 611. Examination of witnesses must be conducted efficiently, with civility, and in accordance with the Local Rules.

c. **Objections**. In making objections, counsel must stand and announce the legal basis for the objection without further argument. M.D. Fla. R. 5.03. The responding attorney must respond with the legal basis for opposing the objection.

d. **Witness List**. Each party must submit an original and two copies of

the witness list to the Courtroom Deputy Clerk on the morning of trial.

e. **Exhibits**. Each party must submit an original and three copies of the exhibit lists to the Courtroom Deputy Clerk on the morning of trial. Each party shall provide the court with two courtesy binders of their exhibits and one set of pre-tagged exhibits. This set of exhibits shall include the appropriate colored exhibit tags stapled to the upper right-hand corner of the first page. All exhibits shall be pre-marked pursuant to Local Rule 3.07. Joint exhibits which are not objected to shall be introduced and admitted at the outset of the case. Photo substitutes of physical exhibits must be provided to the Courtroom Deputy Clerk immediately upon the close of evidence.

f. **Courtroom Equipment**. If counsel intend to use electronic equipment during trial, then counsel must contact the Courtroom Deputy Clerk by emailing grace_farey@flmd.uscourts.gov for a demonstration of the technology and to test equipment compatibility in advance of trial. Counsel must file a motion to seek authorization to bring electronic equipment into the courthouse and that identifies the equipment and the person responsible for the equipment.

g. **Courtroom Decorum**. The parties and their counsel shall comply with the requirements of Middle District of Florida Local Rule 5.03 which prescribes minimum requirements of courtroom decorum and

supplements the Code of Professional Responsibility and the Rules Regulating The Florida Bar.

**ORDERED** in Orlando, Florida, on January 10, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record