UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.   Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA and GEORGE
GARDINA,

    Defendants.
_____/

## ORDER

This matter is scheduled for trial beginning on March 17, 2025. The parties have filed motions in limine in preparation for the trial. (Dkts. 100–108, 114–117.) "Evidence is excluded upon a motion in limine only if it is clearly inadmissible for any purpose." *Dagostino v. Fed. Express Corp.*, No. 2:22-CV-447-JES-KCD, 2023 WL 5498862, at *1 (M.D. Fla. Aug. 25, 2023). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

Here, Plaintiff filed motions in limine to admit evidence regarding Worldlife HomeCare, Inc. (Dkt. 100), to limit evidence and testimony regarding disability benefits or the legal standards applicable to disability benefits (Dkt. 101), to limit

evidence and testimony regarding the Gardinas' current unreported health (Dkt. 102), to exclude evidence on alleged Health Insurance Portability and Accountability Act of 1996 (HIPPA) violations (Dkt. 103), to limit evidence and testimony regarding Carol Gardina's ability to testify (Dkt. 104), to limit treating physician testimony (Dkt. 105), to exclude evidence of other insurance claims and lawsuits (Dkt. 106), to exclude reference to Prudential's corporate profits or financial condition (Dkt. 107), to exclude irrelevant testimony, argument, and evidence relating to Prudential's long-term care business (Dkt. 108), and to exclude irrelevant testimony, argument, and evidence relating to Prudential's financial reserves (Dkt. 109). Plaintiff filed a declaration of Andrew Azarmi in support of its motions. (Dkt. 110). Defendants filed their response in opposition to Plaintiff's motions (Dkt. 130) and separately filed motions in limine. Specifically, Defendants filed motions in limine to exclude financial information pertaining to Carol and George Gardina (Dkt. 114), to "clarify[] the policy requirements of 'continual oversight' for purposes of their eligibility for long-term care benefits" (Dkt. 115), to "clarify[] the policy requirement of 'Severe Cognitive Impairment' for purposes of eligibility for long-term care benefits" (Dkt. 116), and to exclude inflammatory statements contained in recorded calls (Dkt. 117). Plaintiff filed its response in opposition to Defendants' motions. (Dkt. 129.) Upon consideration, the parties' motions are granted in part and denied in part as follows.

It is **ORDERED**:

1. Plaintiff's Motions in Limine (Dkts. 101, 106, 107) are **GRANTED** as agreed by Defendants.

2. Plaintiff's Motion in Limine (Dkt. 103) is **GRANTED** in part. A lay witness may provide opinion testimony if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Civ. P. 701; *see Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988) ("a lay witness [may] testify in the form of opinions or inferences drawn from [his] observations when testimony in that form will be helpful to the trier of fact"). However, a lay witness's testimony must be based on personal knowledge and an adequate foundation. *See* Fed. R. Evid. 602 (requiring personal knowledge for admission of testimony); *United States v. Graham*, 643 F.3d 885, 896 (11th Cir. 2011) (permitting lay witness testimony upon a showing of an adequate foundation and personal knowledge). Mr. Gardina must establish an adequate foundation and personal knowledge before the admission of any testimony concerning the Health Insurance Portability and Accountability Act of 1966 (HIPPA). Notably, a party's mere belief does not meet the personal knowledge requirement. *Gen. Longshore Workers v. Pate Stevedore Co.*, No. 91-30292-RV, 1993 WL 603297, at *8 (N.D. Fla. Dec. 30, 1993) (holding that a party's belief does not satisfy the personal knowledge requirement because "[b]elief, no matter how sincere, is not equivalent to knowledge"). Accordingly, Mr. Gardina may not testify

concerning HIPPA unless he can establish a foundation and personal knowledge concerning HIPPA's requirements.

3. Plaintiff's Motions in Limine (Dkts. 100, 102, 108) and Defendants' Motions in Limine (Dkts. 114, 117) are **DENIED**. Both parties contend the evidence in dispute is relevant to establish a claim or defense at issue in the case. Upon consideration, the court finds that the disputed evidence is relevant and admissible under Fed. R. Evid. 401. *See* Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.' "). Moreover, the probative value of the evidence is not substantially outweighed by a "danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). Indeed, the Eleventh Circuit has cautioned that Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) (*quoting U.S. v. Alfaro–Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Further, Plaintiff's motion to exclude evidence of health conditions Mr. Gardina allegedly failed to disclose during discovery is also denied, absent a showing of a discovery violation.

4. Plaintiff's Motions in Limine (Dkts. 104, 105, 109) are **GRANTED** as

unopposed. Although a "physician who supplies an opinion procured directly from treatment is not subject to the expert witness disclosure requirements in [Federal Rule of Civil Procedure] 26(a)(2)(B), *Blakely v. Safeco Ins. Co. of Ill.*, No. 6:13–cv–796–Orl–37TBS, 2014 WL 1118071, at *3 (M.D. Fla. Mar. 20, 2014), "if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, [the party] must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Id.*; *see, e.g.*, *In re Denture Cream Prods. Liab. Litig.*, No. 09–2051–MD, 2012 WL 5199597, at *5 (S.D. Fla. Oct. 22, 2012) ("Inasmuch as Plaintiffs' treating physicians are opining on causation—either specific or general—Defendants are entitled to full Rule 26(a)(2)(B) reports because such opinions go beyond those arising from treatment."). Absent a full report pursuant to Rule 26(a)(2)(B), Defendants' physicians may testify only concerning their medical treatment of Defendants.

5. Defendants' Motions in Limine (Dkts. 115, 116) are **DENIED**. Defendants' motions seek clarification concerning the language of Plaintiff's long-term care disability insurance policy. The interpretation of a contract in dispute is a proper subject of a motion for summary judgment. *See Caradigm USA LLC v. PruittHealth, Inc.*, No. 1:15-cv-2504-SCJ, 2018 WL 1959498, at *3 (N.D. Ga. Apr. 25, 2018) (collecting cases and explaining that contract interpretation is an issue for summary

judgment, not a motion in limine). "A motion in limine is not a permissible substitute for a motion for summary judgment." *Whidden v. Roberts*, 334 F.R.D. 321, 324–25 (N.D. Fla. Jan. 28, 2020); 21 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5037.18 (2019) (stating that motions in limine cannot be used "as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"). Accordingly, Defendants' motions are denied. Further, as the language of the policy is unambiguous and consistent with § 627.9404, Fla. Stat., 26 U.S.C. § 7702B, and Internal Revenue Service Notice 97-31, no clarification is warranted.

**ORDERED** in Orlando, Florida, on March 4, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record