UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA and GEORGE
GARDINA,

    Defendants.
_____/

## ORDER

    Defendants, Carol and George Gardina, move for reconsideration of the court's order denying their motion for summary judgment. (Dkt. 118.) Plaintiff, the Prudential Insurance Company of America, opposes the motion. (Dkt. 127.) Upon consideration, for the reasons outlined below, the motion is denied.

## BACKGROUND

    This is an action for insurance fraud. (Dkt. 25.) Plaintiff alleges that Defendants, a husband and wife, deceived it by falsely claiming to have significant health issues in order to receive long-term care benefits under a policy they held with Plaintiff. (*See id.*) Defendants moved for summary judgment, arguing in part that Plaintiff's claims for fraudulent misrepresentation, fraudulent concealment, and civil

conspiracy were barred by the four-year statute of limitations. (Dkt. 87 at 14–19.)[1] Plaintiff argued that its claims were not barred by operation of the delayed discovery rule, which tolls the statute of limitations for fraud claims until "the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence." (Dkt. 94 at 15–16 (citing Fla. Stat. § 95.031(2)(a)).) *See Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002) ("The Florida Legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs. An exception is made for claims of fraud . . . in which the accrual of the cause[] of action is delayed until the plaintiff either knows or should know that the last element of the cause of action occurred.").

In support of their argument, Defendants offered two medical review opinions from 2004 and 2005. (*Id.* at 15–16; Dkt. 87-38 at 2–3; Dkt. 87-39 at 7.) First, Dr. James Fegan reviewed Carol Gardina's medical records and ultimately recommended that she "undergo an independent medical examination due to his doubts regarding her claim." (Dkt. 97 at 17–18 (citing Dkts. 87-38, 87-39).) Second, Dr. Andrew L. Sherman conducted the independent medical examination that Dr. Fegan recommended, and opined that Carol Gardina was disabled such that she was eligible for long-term care benefits. (Dkt. 87-15 at 4.) Based on these records, Defendants argued that Plaintiff failed to exercise due diligence because Dr. Fegan's skepticism

---

[1] Though Defendants raised this argument with regard to both Carol and George Gardina, the court did "not consider the statute of limitations related to Mr. Gardina's alleged fraud" because Defendants offered no evidence or argument to support their argument as it related to him. (*See* Dkt. 97 at 17.)

should have put it on notice of Mrs. Gardina's possible fraud. (Dkt. 87 at 16 ("[Plaintiff] has no explanation for why it did not conduct surveillance on [Carol Gardina] in 2004 after Dr. Fegan suspected the same fraudulent conduct [Plaintiff] asserts in 2023.").) This argument, however, overlooked Dr. Sherman's report "confirm[ing] the legitimacy of [Mrs. Gardina's] claim," which cut against Defendants' argument that these records should have put Plaintiff on notice. (*Id.*)

Regardless, because Plaintiff did not appear to dispute "the necessity of long-term care benefits prior to 2006," the court did not consider these medical opinions for statute of limitations purposes. (Dkt. 97 at 19.) The court ultimately denied Defendants' motion for summary judgment, determining that there was "a genuine dispute . . . regarding whether Plaintiff exercised due diligence in discovering the facts giving rise to its fraud claim against Mrs. Gardina," and therefore that Defendants had not borne their burden at the summary judgment stage "to conclusively show that there exist[ed] no disputed issues of fact with respect to the date of the commencement of the limitations period." (*Id.* at 22 (quoting *Bd. of Trs. of Santa Fe Cmty. Coll. v. Caudill Rowlett Scott, Inc.*, 461 So. 2d 239, 242–43 (Fla. Dist. Ct. App. 1984)).)

Defendants now move for reconsideration, arguing "that Plaintiff *does* dispute the necessity of long-term care benefits prior to 2006." (Dkt. 118 at 2.) They therefore argue that "it would be manifestly unjust for th[e] court to not consider this evidence regarding the Gardinas['] statute of limitations defense" because "Plaintiff intends to seek recovery for the alleged fraud back to the inception of the claim in 2002." (*Id.*)

## APPLICABLE STANDARDS

In their motion, Defendants recite the standard for granting reconsideration as to a final judgment, citing Federal Rules of Civil Procedure 59(e) and 60. (Dkt. 118 at 2.) However, because the order they seek reconsideration of is non-final, Rule 54(b) controls the analysis. *See* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–80 (11th Cir. 2024) ("When . . . a district court enters a non-final order, it should evaluate motions to reconsider that order under the standards inherent in Rule 54(b)—plenary authority to reconsider, revise, alter[,] or amend a non-final order before the entry of final judgment." (quotation omitted)). While the court has plenary power to reconsider the summary judgment order, however, the Eleventh Circuit has cautioned that "in most instances district courts should hesitate before revisiting their earlier interlocutory orders," and that "important interests of finality, stability, and predictability underly that justifiable caution." *Id.* at 1380. In exercising its considerable discretion in this context, the court must consider, among other things, "the weight of the moving party's arguments." *Id.* at 1381.

## ANALYSIS

Defendants are correct that Plaintiff does in fact dispute the necessity of long-term care benefits prior to 2006. (Dkt. 118 at 2; Dkt. 127 at 2.) However, Defendants do not offer any substantive analysis as to why the court's refusal to consider Dr. Fegan

and Dr. Sherman's medical records for purposes of its statute of limitations argument in its summary judgment order is manifestly unjust. (*See* Dkt. 118 at 3.) Instead, they cursorily state that the court's refusal to consider these records is manifestly unjust because "Plaintiff intends to seek recovery for the alleged fraud back to the inception of the claim in 2002." (*Id.*) However, even if the court were to reconsider Defendants' statute-of-limitations argument in light of the proffered medical records, it would not change the court's conclusion. The court concluded that a genuine dispute of material fact exists concerning when Plaintiff should have discovered Defendants' alleged fraud, meaning that a fact question remained as to when the statute of limitations began running as to Plaintiff's fraud claims. (Dkt. 97 at 21–22.) This conclusion is supported by Dr. Fegan and Dr. Sherman's medical records—while Dr. Fegan expressed skepticism as to Carol Gardina's eligibility for long-term care benefits, (*see* Dkt. 87-38 *passim*), Dr. Sherman concluded that Mrs. Gardina was eligible for those benefits, (Dkt. 87-15 at 4).

Accordingly, the court's refusal to consider these medical records was not manifestly unjust, and Defendants have not provided any substantive argument to the contrary. (*See* Dkt. 118.) While Defendants argue that Plaintiff "intends to seek recovery for the alleged fraud back to the inception of the claim in 2002," (*id.* at 3), Defendants have signaled their intention to argue the contrary at trial, (Dkt. 112 at 10), and both parties have identified this issue remains a disputed issue of fact, (*id.* at 21–22). The court's refusal to consider these records at the summary judgment stage does

not preclude Defendants from raising this argument and these records before the jury at trial.

While the court has plenary power to reconsider its prior, non-final order, it is still incumbent upon Defendants as the movants to show that reconsideration is proper. *See Hornady*, 118 F.4th at 1380 ("Though district courts enjoy plenary *power* to reconsider non-final rulings, they need not employ plenary *review* when doing so."); *compare Hooks v. Baldwin*, No. 2:23-cv-369-ECM, 2024 WL 4876938, at *2 (M.D. Ala. Nov. 22, 2024) (granting a motion for reconsideration under Rule 54(b) where the movant demonstrated that the court's prior order, dismissing all claims against one defendant as time-barred, was error because those claims had been tolled by Alabama law), *with Rigby Cap. One Fin. Corp.*, No. 3:24-cv-98-HES-MCR, 2025 WL 483207, at *2 (M.D. Fla. Feb. 13, 2025) (refusing to reconsider an order under Rule 54(b) where the movant "had not persuaded th[e] [c]ourt to reconsider" because he had not shown any reason to do so). Absent citation or substantive analysis as to why the court's order is manifestly unjust, the court will not exercise its discretion to reconsider that order. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (declining to address an argument because it was perfunctory, underdeveloped, and not supported by citation to authority); *Resol. Tr. Corp. v. Dunmar*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it.").

## CONCLUSION

Accordingly, Defendants' motion (Dkt. 118) is **DENIED**.

**ORDERED** in Orlando, Florida, on March 13, 2025.

                                                JULIE S. SNEED
                                       UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record