UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

v.                                                           Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA and GEORGE
GARDINA,

    Defendants.
_____/

## ORDER

Plaintiff moves for a declaration that the two long-term care policies issued by Plaintiff to Defendants are void. (Dkt. 231.) Plaintiff further moves to amend the judgment to add an award of prejudgment interest. (Dkt. 242.) Defendants oppose the motions. (*See* Dkts. 247, 250.) Upon consideration and for the reasons set forth below, the court denies the motions.

## BACKGROUND

The court conducted a nine-day jury trial in March 2025. (Dkts. 165, 169, 172, 180, 181, 186, 190, 195, 196.) The jury reached a verdict and awarded Plaintiff $1,930,129 in compensatory damages owed by Ms. Gardina, $12,496 in compensatory damages owed by Mr. Gardina, and $20 in punitive damages owed by Mr. Gardina. (Dkt. 198 at 4; Dkt. 200.) Based on the jury's findings and counts five and six of its amended complaint, Plaintiff seeks a declaratory judgment that Defendants' policies

are void.¹  (Dkt. 25 ¶¶ 115–22; Dkt. 231.)  Plaintiff also seeks to amend the judgment entered, (Dkt. 206), to add prejudgment interest, which it maintains it is entitled to under Florida law.  (Dkt. 242.)

## ANALYSIS

The court discusses Plaintiff's arguments for a declaratory judgment and prejudgment interest in turn.

### A. Declaratory Judgment

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Defendants assert that the court lacks subject matter jurisdiction.  (Dkt. 247 at 1–3.)

The court must assure itself of its jurisdiction.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (explaining that federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party).  Article III of the Constitution limits federal courts to adjudicating actual "cases" and "controversies."  *Wooden v. Bd. of Regents of the Univ.*

---

¹ In counts three and four of the amended complaint, Plaintiff seeks declarations from the court determining that Defendants were not and are not entitled to benefits under their policies. (Dkt. 25 ¶¶ 107–14.)  Plaintiff does not address these counts in the motion seeking declaratory relief. (*See* Dkt. 231.)  Therefore, counts three and four of Plaintiff's amended complaint are dismissed without prejudice for lack of prosecution because Plaintiff forfeited these claims.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (explaining that a district court has the inherent authority to sua sponte dismiss claims for lack of prosecution).

*Sys. Of Ga.*, 247 F.3d 1262, 1273 (11th Cir. 2001) (citing U.S. Const. art. III, § 2, cl. 1). In all federal cases, the threshold question is whether a justiciable controversy exists. *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991). The "existence of a justiciable controversy is a jurisdictional requirement." *Cummings v. State Farm Mut. Auto. Ins. Co.*, 323 F. App'x 847, 848 (11th Cir. 2009) (citing *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995)). "Perhaps the most important of the Article III doctrines grounded in the case-or-controversy requirement is that of standing." *Wooden*, 247 F.3d at 1273. "Standing cannot be waived or conceded by the parties, and it may be raised (even by the court sua sponte) at any stage of the case." *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019).

  Standing contains three elements. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (cleaned up). Second, the injury must be "fairly . . . trace[able] to the challenged action of the defendant." *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41 (1976). "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38, 43). Standing "must be determined as of the time that the plaintiff's complaint is filed." *A&M Gerber*, 925 F.3d at 1212 (collecting cases).

To establish an injury in fact, the plaintiff must plausibly allege that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Atlanta Gas Light Co.*, 68 F.3d at 414 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also A&M Gerber*, 925 F.3d at 1210 (explaining that the controversy between the parties as alleged in the complaint cannot be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury" (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985))). "[T]o demonstrate . . . a case or controversy that satisfies [the] standing [injury in fact requirement] when a plaintiff is seeking declaratory relief—as opposed to . . . damages for past harm—the plaintiff must allege facts [to support] a 'substantial likelihood that he will suffer injury in the future.'" *A&M Gerber*, 925 F.3d at 1210–11 (quoting *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999)).

Here, Plaintiff must allege that its purported injury, paying benefits that were not owed because of Defendants' fraud, likely "will continue or will be repeated in the future." *Malowney*, 193 F.3d at 1347. Plaintiff has not satisfied this requirement. Plaintiff has not alleged facts to establish a reasonable belief that it might incur future injury from paying benefits due to Defendants' future fraud. (*See* Dkt. 25.) In fact, Plaintiff has alleged that after discovering Defendants' fraud, it denied Mr. Gardina's claim for benefits in September 2022 and denied Mrs. Gardina's claim for benefits in June 2023. (*Id.* ¶¶ 63, 71.) Therefore, Plaintiff's motion for declaratory relief is denied, and counts five and six of Plaintiff's amended complaint are dismissed without

prejudice for lack of subject matter jurisdiction. *See Malowney*, 193 F.3d at 1347 (explaining that the plaintiffs failed to establish an injury in fact to support subject matter jurisdiction under the Declaratory Judgment Act when the allegations contained in the complaint did not "reasonably support a finding that the [plaintiffs were] likely to be subject to future injury"); *see also Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1247–48 (11th Cir. 2022) (en banc) ("We will not imagine or piece together an injury sufficient to give a plaintiff standing when it has demonstrated none, and we are powerless to create jurisdiction by embellishing a deficient allegation of injury." (alteration adopted) (quoting *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 925 (11th Cir. 2020) (en banc))).

### B. Prejudgment Interest

Plaintiff contends that the court should amend the judgment to include an award of $784,784, which it represents is the amount of prejudgment interest on the $1,201,789 claim benefits it paid to Mrs. Gardina. (Dkt. 242 at 1.) Alternatively, Plaintiff requests that the court use its equitable powers to amend the judgment to include an award of $300,083, which it represents is the amount of prejudgment interest running from the date of the complaint until the date it obtained the total verdict of $1,942,625. (*Id.*) Defendants respond that the court should not modify the judgment because the jury awarded damages for the lost investment income that Plaintiff would have earned if they had invested the money wrongfully paid to Defendants. (Dkt. 250.) According to Defendants, an award to Plaintiff of $784,784 would result in a double recovery. (*Id.* at 4–6.) Defendants further maintain that

Plaintiff's alleged loss of investment income is not an out-of-pocket loss that demands the award of prejudgment interest. (*Id.* at 7–8.) Because the court agrees with Defendants' first argument, the court does not reach their second argument.

"[O]nce damages are liquidated, prejudgment interest is considered an element of those damages as a matter of law, and the plaintiff is to be made whole from the date of the loss." *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 47 (Fla. 1988). "This general rule is not absolute" and the proper outcome "may depend on equitable considerations." *Broward County v. Finlayson*, 555 So. 2d 1211, 1213–14 (Fla. 1990). The court should not award prejudgment interest "to penalize the losing party." *Catalfumo v. Catalfumo*, 704 So. 2d 1095, 1100 (Fla. Dist. Ct. App. 1997) (quotation omitted). Rather, prejudgment interest should be awarded "to compensate the successful claimant for losing the use of the money between the date he or she was entitled to it and the date of judgment." *Id.* (quotation omitted).

Paul Dopp testified on behalf of Plaintiff. (Dkt. 227 at 32:14–92:1.) He is a forensic accountant and damages expert. (*Id.* at 32:17–18, 34:16–35:8.) Mr. Dopp testified that Plaintiff sought three categories of damages. (*Id.* at 33:18–34:1.) The two categories that are relevant here are (1) "the total benefit payments paid by [Plaintiff] to Mrs. Gardina," and (2) "the lost investment earnings that [Plaintiff] would have earned on those benefit payments had [it] not [paid] them out but . . . invested them." (*Id.* at 33:18–24.) According to Mr. Dopp, $728,340 is the amount representing Plaintiff's lost investment earnings, or "the interest and the investment returns that [Plaintiff] would have received" on the benefit payments paid to Mrs. Gardina. (*Id.* at

43:18–44:24, 46:7–47:21.) Plaintiff now seeks to recover lost investment earnings labeled as prejudgment interest in the amount of $784,784. (Dkt. 242 at 3–6.) Awarding Plaintiff additional money that it maintains is prejudgment interest when Plaintiff represented at trial that $728,340 made it whole from the date of loss would inequitably penalize Defendants instead of compensating Plaintiff. (Dkt. 227 at 46:12–47:15.) Therefore, the court denies the motion for prejudgment interest. *See Finlayson*, 555 So. 2d at 1213–14; *Kissimmee Util. Auth.*, 526 So. 2d at 47; *Catalfumo*, 704 So. 2d at 1100.

## CONCLUSION

Accordingly:

1. Plaintiff's Post-trial Motion for Policy Invalidation (Dkt. 231) is **DENIED**. Counts three and four of Plaintiff's amended complaint (Dkt. 25 ¶¶ 107–14) are **DISMISSED without prejudice** for failure to prosecute. Counts five and six of Plaintiff's amended complaint (*id.* ¶¶ 115–22) are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. Plaintiff's Motion to Amend Judgment to Add Prejudgment Interest (Dkt. 242) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 8, 2025.

*[Signature]*
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record