**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

       **Plaintiff,**

**v.**                                                                 **Case No: 6:23-cv-1125-JSS-DCI**

**CAROL GARDINA and GEORGE GARDINA,**

       **Defendants.**

_____

**ORDER**

After a jury trial, the Court entered a final judgment order in this case and directed the Clerk to enter the following judgment by separate order:

1. Judgment is hereby entered in favor of Plaintiff, The Prudential Insurance Company of America, against Defendants Carol Gardina and George Gardina.

2. It is **ORDERED, DECLARED, and DECREED** that Plaintiff The Prudential Insurance Company of America shall recover compensatory damages in the amounts of One Million Nine Hundred Thirty Thousand One Hundred Twenty-Nine dollars ($1,930,129) from Defendant Carol Gardina and Twelve Thousand Four Hundred Ninety-Six dollars ($12,496) from Defendant George Gardina.

3. It is **FURTHER ORDERED, DECLARED, and DECREED** that Plaintiff The Prudential Insurance Company of America shall recover punitive damages in the amount of Twenty dollars ($20) from Defendant George Gardina.

4. Thereafter, the Clerk is **DIRECTED** to close this case. The court retains jurisdiction to resolve any post-trial motions.

Doc. 205. On April 2, 2025, the Clerk entered judgment consistent with that order. Doc. 206 (the Judgment).

The undersigned subsequently denied without prejudice Plaintiff's *ex parte* motion for writs of execution for reasons stated on the record at a hearing. Doc. 263. The undersigned was

not convinced that the Court should issue the writs[1] but permitted Plaintiff to re-brief the issue.
*See* Doc. 286 at 2. By order dated October 15, 2025, the undersigned denied without prejudice
Plaintiff's second *ex parte* motion for writs of execution because Plaintiff had not obtained
permission to file the request *ex parte* and Plaintiff provided no explanation or citation to authority
to demonstrate that the Court should allow Plaintiff to proceed in that manner. Doc. 285.

Plaintiff has since file a Third Motion for Writs of Execution, which the Court has referred
to the undersigned. Doc. 286 (the Motion for Writs). While the jury awarded Plaintiff
$1,930.129.00 against Carol Gardina and $12,496.00 against George Gardina, Plaintiff states that
Carol and George Gardina are both liable for conspiracy and fraud. *Id*. at 5. Specifically, Plaintiff
argues that the Gardinas are jointly and severally liable for $1,930,129.00, and George Gardina is
independently liable for an additional $12,496.00 in damages and $20.00 in punitive damages. *Id*.
As such, Plaintiff requests that the Court issue writs reflecting $1,930,129.00 as the debt at issue
for Carol Gardina and $1,942,645.00 as the debt at issue for George Gardina. Docs. 286-1 to 286-
4.

Plaintiff has also filed a short-form motion to compel further responses to post-judgment
discovery. Doc. 282 (the Motion to Compel). Plaintiff states that George Gardina sent a check
for $12,916.00, but Plaintiff returned it. *Id*. at 1. Plaintiff states that George Gardina has refused
to provide substantive responses "because he 'tendered a Cashier's Check made payable to
Plaintiff. . . in full satisfaction of the judgment. . ..'" *Id*. at 2. Again, Plaintiff argues that the
Gardinas are joint tortfeasors and George Gardnia "did not satisfy the Judgment, as the jury
determined **both** defendants conspired to and committed intentional torts as to Mrs. Gardina's

---

[1] The proposed writs showed that the debt at issue was $1,930,129.00 for Carol Gardina and
$1,942,645.00 for George Gardina, but the Judgment does not reflect that Defendants are jointly
and severally liable.

policy, resulting in joint and several liability of $1,930.129." *Id*. (emphasis in original).[2]  Plaintiff, therefore, moves to compel George Gardina to further respond, without objection, to the Motion to Compel. *Id*. at 1.

Plaintiff, however, has now filed a Motion to Amend the Judgment pursuant to Federal Rule of Civil Procedure 60 that is presently before the presiding district judge.  Doc. 290. Specifically, Plaintiff requests that the Court amend the Judgment to reflect that Carol and George Gardina are jointly and severally liable for damages.  *Id*. at 2.  Plaintiff contends that the "amendment will provide clarity and prevent the Gardinas from continuing their effort to thwart enforcement of the Court's judgment." *Id*.  In the alternative, Plaintiff moves for the Court to execute the writs or rule expeditiously so it can seek leave of the Court of Appeals to amend the judgment. *Id*. at 3.  The Gardinas have filed a Response to the Motion to Amend and argue, in part, that the "verdict reflects separate claims. . . not one indivisible injury caused by a single act," and, even so, the Court does not have jurisdiction to amend the judgment.  Doc. 291 at 2, 3.[3]

Based on the foregoing, it is clear the arguments in all three pending motions—the Motion for Writs, Motion to Compel, and Motion to Amend—are directly related, and the Court's decision on the Motion to Amend may dictate the outcome for all relief sought.  The parties have presented to the district judge their positions related to the nature of the judgment, the issuance of writs of execution, and the appeal, and the undersigned finds that it would be premature to rule on the

---

[2] Carol and George Gardina have filed an Objection to the Motion for Writs and a Response in Opposition to the Motion to Compel.  Docs. 287, 288.

[3] The Gardinas argue that "[t]he notice of appeal divested this Court of authority to grant Rule 60 relief.  At most, the Court may deny the motion or signal whether it raises a substantial issue.  The motion raises none.  The Court therefore lacks power to grant the requested amendment." *Id*. at 1 to 2.

Motion to Compel and Motion for Writs before the Court considers the briefing as it relates to the request to amend the judgment.

Accordingly, it is **ORDERED** that:

1. the Motion to Compel (Doc. 282) and the Motion for Writs (Doc. 286) are hereby **DENIED without prejudice** as premature; and

2. Plaintiff may refile the requests for relief after the district judge rules on the Motion to Amend, absent further order of the Court.

**ORDERED** in Orlando, Florida on March 4, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

- 4 -