UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Plaintiff,

v. Case No: 6:23-cv-1125-JSS-DCI

CAROL GARDINA and GEORGE GARDINA,

Defendants.
_______________________________/

**ORDER**

Plaintiff sued Defendants for numerous causes of action stemming from its allegations that Defendants fraudulently collected benefits under their long-term care insurance policies. (Dkt. 25.) Plaintiff's case proceeded to a nine-day jury trial, after which the jury found Defendants liable for fraudulent misrepresentation, fraudulent concealment, and civil conspiracy. (Dkt. 198 at 1–3.) The jury found Defendant Carol Gardina liable to Plaintiff for $1,930,129 in compensatory damages and Defendant George Gardina liable to Plaintiff for $12,496 in compensatory damages and $20 in punitive damages. (*Id.* at 4; Dkt. 200.) Thereafter, the court entered judgment in Plaintiff's favor and awarded Plaintiff $1,930,129 in compensatory damages from Defendant Carol Gardina and $12,496 in compensatory damages and $20 in punitive damages from Defendant George Gardina. (Dkt. 206.) Defendants subsequently appealed the judgment, (Dkt. 269), and the appeal remains pending.

Following Defendants' appeal, Plaintiff moved to amend the judgment, contending that Florida law makes Defendants jointly and severally liable for the compensatory damages the jury awarded it as a result of the fraud and conspiracy regarding the collection of benefits under Defendant Carol Gardina's insurance policy. (Dkt. 290.) Defendants opposed Plaintiff's motion, arguing that the court should not disturb the jury's separate damages award. (Dkt. 291.) The court was persuaded by Plaintiff's motion and concluded that Florida law renders Defendants jointly and severally liable for the fraud and conspiracy regarding the collection of benefits under Defendant Carol Gardina's insurance policy. (Dkt. 294 at 4–7.) *See* Fla. Stat. § 768.81(4) (imposing joint and several liability for intentional torts); *City of Miami v. Alvarez*, 421 So. 3d 802, 806 (Fla. Dist. Ct. App. 2025) (advising that fraud is an intentional tort); *R.J. Reynolds Tobacco Co. v. Neff*, 325 So. 3d 872, 884 (Fla. Dist. Ct. App. 2021) (explaining that co-conspirators are jointly and severally liable for the acts of all participants to the conspiracy).

The court noted, however, that the pending appeal prevented the court from amending the judgment. (Dkt. 294 at 4–7.) *See* Fed. R. Civ. P. 60(a) (instructing that after a judgment is appealed, courts can only amend clerical mistakes or mistakes arising from oversight or omission with leave from the appellate court). Nonetheless, the court indicated that it would amend the judgment under Federal Rule of Civil Procedure 60(a) to reflect that Defendants are jointly and severally liable for the $1,930,129 in compensatory damages the jury awarded Plaintiff for the fraud and

conspiracy regarding the collection of benefits under Defendant Carol Gardina's insurance policy if the Eleventh Circuit granted the court leave to do so. (*Id.* at 7.)

On October 19, 2026, the Eleventh Circuit granted Plaintiff's motion for limited remand. (Dkt. 296-1.) In its order, the Eleventh Circuit concurred that Defendants are jointly and severally liable and remanded the case for the limited purpose of allowing the court to amend the judgment as proposed in the court's indicative ruling. (*Id.* at 3.)

Accordingly:

1. Plaintiff's motion to amend (Dkt. 290) is **GRANTED**. The court amends the judgment to reflect that Defendants Carol and George Gardina are jointly and severally liable for the $1,930,129 the jury awarded Plaintiff as a result of the fraud and conspiracy regarding the collection of benefits under Defendant Carol Gardina's insurance policy.
2. Amended judgment is hereby entered in favor of Plaintiff, The Prudential Insurance Company of America, against Defendants Carol Gardina and George Gardina.
3. It is **ORDERED, DECLARED, and DECREED** that Defendants Carol Gardina and George Gardina are jointly and several liable to Plaintiff, The Prudential Insurance Company of America, for compensatory damages in the amount of One Million Nine Hundred Thirty Thousand One Hundred Twenty-Nine dollars ($1,930,129). Defendant George Gardina is separately liable to Plaintiff, The Prudential Insurance Company of America, for compensatory

damages in the amount of Twelve Thousand Four Hundred Ninety-Six dollars ($12,496).

4. It is **FURTHER ORDERED, DECLARED, and DECREED** that Plaintiff, The Prudential Insurance Company of America, shall recover punitive damages in the amount of Twenty dollars ($20) from Defendant George Gardina.

5. The Clerk is **DIRECTED** to enter the above amended judgment by separate order.

**ORDERED** in Orlando, Florida, on October 22, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record